## H. ARCHER v. JOHN A. WHITTEN.[1]

February 9, 1912.

Nos. 17,385—(215).

**Account stated — evidence.**
> In this action to recover on an account stated, it is *held* that the evidence supports the verdict in favor of plaintiff, and that there was no error in the rulings on the trial.

Action in the district court for Hennepin county to recover $1,-470.50 upon an account stated. The answer interposed a counterclaim for $1,948.72. The reply was a general denial. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $1,552.89. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Albert H. Hall,* for appellant.
*L. A. Hubachek* and *William A. Tautges,* for respondent.

BUNN, J.
Action to recover $1,470.50 and interest on an account stated. Defendant denied that an account was stated, and pleaded various defenses and counterclaims, all arising out of the matters between the parties that plaintiff claimed were settled and adjusted by the account stated. The only question submitted to the jury was whether

1 Reported in 134 N. W. 508.

the parties adjusted their accounts and differences, and agreed upon the balance struck as the true sum due from defendant. The verdict was in favor of plaintiff, defendant's motion in the alternative was denied, and he appealed.

The only substantial question here is whether there is evidence reasonably tending to support the decision of the jury that an account was stated. During the course of the performance by plaintiff of a contract with defendant for remodeling a building, disputes arose. Defendant claimed that plaintiff had failed to do the work according to the specifications in different particulars, and claimed various credits. Plaintiff testified that these disputes were adjusted at a meeting between the parties, that the credits to be allowed defendant were agreed to, and a balance struck, and that defendant assented to this balance, and agreed to pay it. Defendant admitted the adjustment of certain of the disputes, but denied any agreement covering the entire matter, and denied an assent to or agreement to pay the balance shown by the account. The question was submitted to the jury under clear and accurate instructions, and the decision was in favor of plaintiff's contention.

We have examined the record, and conclude that the evidence presented a clean-cut question of fact, and that the verdict cannot be disturbed under the rules governing the action of this court in such cases. If the jury believed plaintiff, then an account was stated, and we are in no way justified in saying that plaintiff's evidence was unworthy of belief, or that the evidence to the contrary was so convincing that it was an abuse of discretion to refuse a new trial.

Defendant claims surprise at the attitude of plaintiff's attorney on the trial in proceeding upon the theory of an account stated, and refusing to join issue upon the performance or breach of the original contract. There is clearly nothing in this contention.

There was no error in declining to give the instructions requested by defendant. As far as they were correct statements of the law and applicable to the case, they were fully covered in the charge.

We are asked to remand this case, with permission to defendant to move the trial court for a new trial on the ground of new evidence

discovered since the appeal was taken. The whole matter of leave to make such motion, as well as its decision, rests with the trial court.
Affirmed.

HOLT, J., having tried the case below, took no part.

PHILIP E. BROWN, J., being absent on account of illness, took no part.