# H. ARCHER v. JOHN A. WHITTEN.[1]

February 7, 1913.

Nos. 17,828—(176).

**New trial — discretion of court.**
    The trial court did not abuse its discretion in granting a new trial on the
ground of newly discovered evidence.

After the former appeal reported in 117 Minn. 122, 134 N. W.
508, defendant moved for a new trial upon the ground of material
evidence newly discovered, which could not have been found and
produced at the trial. The motion was heard before Dickinson, J.,
who granted it. From the order granting a new trial, plaintiff
appealed. Affirmed.

*William A. Tautges* and *Louis A. Hubachek,* for appellant.
*Albert H. Hall, M. H. Boutelle* and *A. M. Higgins,* for respondent.

BUNN, J.
This is an appeal from an order of the district court of Hennepin
county granting defendant's motion for a new trial made on the
ground of newly discovered evidence.
The case was before us at the October, 1911, term on an appeal
by defendant from an order denying his motion for judgment not-
withstanding the verdict or for a new trial, and the order was af-
firmed. Archer v. Whitten, 117 Minn. 122, 134 N. W. 508. In
response to a request that we remand the case, with permission to
defendant to move for a new trial on the ground of newly discovered
evidence, we stated in the opinion that "the whole matter of leave to
make such motion, as well as its decision, rests with the trial court."
The trial court entertained the motion, as it clearly had the power to
do, and granted it. We are now asked to hold that this was an abuse
of discretion.

[1] Reported in 139 N. W. 815.
    120 M.—28.

The question on the trial was whether an account was stated between the parties on May 20, 1910. The newly discovered evidence is a letter written by plaintiff to defendant on July 14, 1910, claimed to be an admission by plaintiff that the matters of difference between him and defendant were then unsettled. It is unnecessary to state the contents of this letter, further than to say that it appears to us to be material evidence on the pivotal question in the case. Indeed, unless plaintiff's explanation should be found sufficient to destroy or materially affect its weight, it would be likely to change the result on a new trial. While the letter was cumulative evidence, in the sense that evidence on the issue had been received at the trial, we think this fact insufficient to show an abuse of discretion. The rule that the new evidence must not be merely cumulative, contradictory, or impeaching is not inflexible, and we think it was within the discretion of the trial court to relax it in this case. Hanson v. Bailey, 96 Minn. 274, 104 N. W. 969.

A more doubtful question is whether defendant made a sufficient showing that the existence of the letter could not have been discovered before the trial by the exercise of reasonable diligence. The letter was received July 15, 1910. The trial was April 27, 1911. In substance plaintiff swears that prior to the trial he searched in all places and receptacles for papers that he had, for all data, memoranda, papers, and letters relating to the case, and produced at the trial all those found; that he had no recollection of the receipt of the letter in question until he discovered it accidently on January 25, 1912, in a bundle of receipted bills of a hotel of which he was the proprietor, contained in a box of odds and ends of the hotel property; that he had never tied up the bundle, or put away the papers where they were found, and had no knowledge that they were there, or how they came to be there.

We think this is more than a showing that the existence of the evidence was forgotten. We approve the rule that a new trial on the ground of newly discovered evidence should not ordinarily be granted, when it appears that the only reason for not producing the evidence on the trial is that its existence was forgotten. But in this case we have a showing of a pretty thorough search for all papers

relating to the controversy, and a reasonable excuse for failing to discover this letter. On the peculiar facts here, we are of the opinion, and so hold, that the trial court did not abuse its discretion in granting the new trial.

Order affirmed.

HOLT, J., having tried the case in the court below, took no part.