## NATIONAL ELEVATOR COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

August 24, 1917.

Nos. 20,353—(182).

**Carrier — shipment of grain — statute construed.**

> Section 4491, G. S. 1913, providing that "every common carrier transporting grain shall give the shipper, on request, a receipt for the number of pounds of grain received from him, and shall deliver such quantity to the consignee * * * less loss from transportation, not to exceed sixty pounds to each car" construed as it must be with section 4492, which provides for a penalty for failure to deliver the proper quantity of grain, is *held* to be a penal provision only, and it does not in any manner affect the civil liability of the carrier. This civil liability remains as at common law, save as this may be modified by other provision of statute.

Action in the municipal court of Minneapolis to recover $89.55 for failure to deliver part of a shipment of grain. Defendant offered judgment in favor of plaintiff for $63.24. The case was tried before Charles L. Smith, J., who made findings and as conclusion of law ordered judgment for $63.53. Plaintiff's motion for amended conclusions of law was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Lancaster, Simpson & Purdy,* and *Harold G. Simpson,* for appellant.

*M. L. Countryman, Cobb, Wheelwright & Dille* and *H. C. Mackall,* for respondent.

HALLAM, J.

Plaintiff delivered to defendant 85,086 pounds of rye for transportation from Clarissa to Minneapolis. Defendant issued to plaintiff its bill of

[1]Reported in 164 N. W. 79.

lading for 85,086 pounds of rye.   Defendant delivered in Minneapolis 81,160 pounds of rye.   The trial court found "that the defendant lost in transit 3,926 pounds of rye."   The value of this amount of rye was $64.55. Plaintiff filed a claim for $64.20.   The court ordered judgment for plaintiff for $63.53, the value of the rye lost less 60 pounds.   He found that defendant was "entitled to a credit of 60 pounds" by reason of section 4491, G. S. 1913.   Sections 4491 and 4492 read as follows:   4491. "Every common carrier transporting grain shall give the shipper, on request, a receipt for the number of pounds of grain received from him, and shall deliver such quantity to the consignee or proper connecting carrier, less loss from transportation, not to exceed sixty pounds to each car.

4492.   "Such carrier shall forfeit to the state, for each refusal to give such receipt, not less than ten dollars nor more than fifty dollars, and for each failure to deliver the proper quantity of grain, not less the fifty dollars nor more than one hundred dollars."

The trial court held that this statute, though penal, fixed the civil liability of the carrier as well, and the defendant so contends on this appeal.   Plaintiff contends that it is purely a penal statute and does not in any way concern the civil liability of the carrier.

This statute, whether construed as regulating civil or criminal liability, or both, was not, as held by the trial court, intended to allow a credit of 60 pounds on grain actually lost by the carrier.   Respondent concedes this.   In its brief it says:   It could not "remove or permit to be removed 45 or 60 pounds of grain.   The carrier under this statute is still bound to deliver all the grain it receives."   Inasmuch as the court found that defendant "lost in transit 3,926 pounds of rye," judgment should have been given for the plaintiff for the full value thereof, and the judgment must be reversed.

The real purpose of this appeal, however, is to determine what, if any, modification of common law rules of liability of carriers this statute imposes, and this question is presented by the record and has been argued at length and should be decided.   The terms of the statute are not clear and resort may be had to the original enactment and to the history of the statute.   These sections were originally enacted as sections 1 and 2, c. 88, p. 119, Laws 1875.   They read as follows:

"Section 1. That all common carriers doing business within this state engaged in the transportation of grain, shall, when requested, give a receipt for the number of bushels or pounds of grain delivered to them for transportation, and shall deliver the number of bushels or pounds so receipted for to the consignee thereof, * * * less the usual loss from transportation, not exceeding forty-five pounds to each car.

"Sec. 2. * * * And any such common carrier refusing or neglecting to deliver the amount of grain so receipted for to the consignee thereof * * * shall, in addition to the civil liability of such common carrier for all loss or shrinkage, except as above provided, be subject to a penalty of not less than fifty dollars, nor more than one hundred dollars, for each and every such refusal or neglect."

When the Railroad and Warehouse Commission Act was passed in 1887 (ch. 10, p 65, Laws 1887), the following was enacted as section 18c:

"Nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies."

When the Revised Laws of 1905 were adopted, all these provisions were substantially incorporated into chapter 28. The provisions of chapter 28 as sections 2093, 2094 (G. S. 1913, §§ 4491, 4492), and the provisions of section 18c, Laws 1887, as section 1986 (G. S. 1913, § 4237).

This recital does not help much. The meaning of the original act of 1875 is obscure. The trial court was of the opinion that in the provision that the common carrier failing to deliver the amount of grain receipted for "shall in addition to the civil liability of such common carrier for all loss or shrinkage, except as above provided, be subject to a penalty," the words "except as above provided" limited the civil liability and defendant so contends, whereas plaintiff contends that it only defines the penal liability of the carrier, that it cannot qualify both the civil and penal liability and that it was intended to qualify or regulate only the latter.

A majority of the court are of the opinion that plaintiff's construction of this statute is right. That it provides only for a penalty and does not in any manner affect the civil liability of the carrier. There may be reasons for allowing this greater latitude before imposing penal liability. At any rate this seems to a majority of the court the fair construction of the statute. The provisions carried forward as G. S. 1913, § 4237, seem to

harmonize best with this construction. The Missouri and Kansas statutes are different from ours. In terms, they regulate civil liability. The decisions of the courts of those states construing those statutes are not pertinent here.

Judgment reversed.