## NATIONAL ELEVATOR COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 28, 1918.

No. 20,879.

**Order not appealable.**

1. An order amending the conclusions of law in a finding, or directing a new judgment to be entered after a reversal on appeal of the original judgment, is not appealable.

[1]Reported in 168 N. W. 134.

**New trial — reversal of judgment because facts require different conclusions of law.**

2. Where a judgment is reversed on appeal solely because the facts found call for different conclusions of law, the effect is not necessarily a new trial.

**Same — newly discovered evidence — abuse of discretion.**

3. There was no abuse of discretion in refusing a new trial on the ground of newly discovered evidence and surprise.

After the former appeal reported in 138 Minn. 100, 164 N. W. 79, plaintiff's motion for amended judgment in its favor in the sum of $64.55 and interest, together with $25 penalty, was granted, Charles L. Smith, J. From the order granting plaintiff's motion and from an order denying defendant's motion for a new trial, defendant appealed. Affirmed.

*M. L. Countryman, Cobb, Wheelwright & Dille* and *John C. Benson,* for appellant.

*Lancaster, Simpson & Purdy, H. G. Simpson* and *A. C. Remele,* for respondent.

HOLT, J.

The judgment entered in this action was reversed by this court (National Ele. Co. v. Great Northern Ry. Co. 138 Minn. 100, 164 N. W. 79), upon plaintiff's appeal. That appeal challenged the judgment because the conclusion of law did not give plaintiff the recovery which the findings of fact called for. Upon the remittitur going down, plaintiff moved the court below to correct the judgment theretofore entered so as to conform to the decision of this court, and at the same time defendant moved for a new trial on the grounds: (a) The effect of our decision was to grant a new trial; and (b) newly discovered evidence and surprise. Plaintiff's motion was granted and defendant's denied. Defendant appeals from both orders.

It, perhaps, was not commendable practice for plaintiff to move to amend a judgment that this court had reversed, but the motion was entertained and the order made that the clerk enter judgment in favor of plaintiff and against defendant for $64.55, with interest thereon at the

rate of 6 per cent per annum from and after November 6, 1916, together with $25 penalty, together with costs and disbursements. Whether considered as an order amending the conclusion of law in the findings or, as it reads, an order for judgment, it is not appealable, and the attempt to have that order reviewed must fail.

The question open to consideration on this appeal is defendant's claim to a new trial. The former appeal presented the legal proposition whether the findings of fact called for a different judgment than the one entered pursuant to the conclusions of law, and that in turn depended wholly upon whether, in virtue of sections 4491 and 4492, G. S. 1913, the carrier might withhold 60 pounds of grain in a carload shipment without being accountable to the owner therefor. It was held that the sections mentioned did not in any manner affect the civil liability of the carrier. In the shipment here involved, a carload of rye, defendant lost in transit 3,926 pounds, of the value of $64.55. Plaintiff filed a claim for $64.20 against defendant. The latter failed to pay within the time prescribed, and this action was brought to recover the amount together with the $25 penalty given by section 4316, G. S. 1913. The court below deducted the value of 60 pounds of rye from the amount lost, and that reduced the recovery below the amount for which plaintiff had made claim, and necessarily avoided the penalty. We held the reduction erroneous and reversed the judgment. This reversal did not per se grant a new trial. The error related wholly to the conclusions of law, and did not involve any finding of fact. And upon remittitur, we think, it was entirely proper for the trial court to amend the conclusions of law so as to order a proper judgment. The reversal of a judgment does not necessarily mean a new trial. Kurtz v. St. Paul & Duluth R. Co. 65 Minn. 60, 67 N. W. 808, and the previous cases in this court there cited.

The request for a new trial on the ground of newly discovered evidence and surprise was addressed to the discretion of the trial court, and we are unable to see abuse of discretion in the court's action. Defendant advisedly took its chances when it relied on the statute for a reduction of 60 pounds of the loss instead of submitting evidence as to what the "invisible" loss upon this shipment would have been.

The recovery is, perhaps, too large by the amount of the value of the 3 pounds of sample which the court found that the state ab-

stracted from the car. But that amount does not reduce the loss for which the defendant was responsible below the amount of the claim ($64.20) which plaintiff filed with defendant, under said section 4316. It would still be liable for the penalty because of its neglect to tender plaintiff $64.20 within the time fixed by the section mentioned. The value of the 3 pounds of rye may therefore be ignored under the rule of de minimis.

The order denying a new trial is affirmed.