## EMILIE S. RICKER v. J. L. OWENS COMPANY AND ANOTHER.[1]

### May 20, 1921.

### No. 22,244.

**Sale of stock — rescission of contract — laches.**

1. In an action to rescind a contract for the sale of stock in a corporation, where it appears that plaintiff continued her efforts to surrender the stock and recover the money paid therefor for a period of three years, though not in form amounting to a legal demand, *held*, that the testimony does not support a finding that plaintiff was guilty of laches.

**Laches an equitable defense.**

2. The rule applicable to the defense of laches does not depend entirely upon the lapse of time. It is an equitable defense based upon grounds of public policy. A party may be barred by laches when the delay is so long and the circumstances of such character as to establish a relinquishment or abandonment of the right.

[1]Reported in 182 N. W. 960.

Action in the district court for Hennepin county to cancel a certain sale of stock and to recover $5,060. The case was tried before Bardwell, J., who made findings of fact as narrated in the opinion, and ordered judgment in favor of defendants. From an order denying her motion for amended findings and conclusions or for a new trial, plaintiff appealed. Reversed.

*O'Malley & O'Malley,* for appellant.

*Selover, Schultz & Mansfield,* for respondents.

QUINN, J.

The J. L. Owens Company is a corporation organized under the laws of the state of Minnesota, engaged in manufacturing fanning mills and other like machinery. The J. L. Owens Manufacturing Company was organized under the laws of the state of Maine as a holding concern. It owns principally all of the stock of the former company and is engaged largely in handling its output of machinery. It does no manufacturing. Both companies have their principal place of business at Minneapolis, and their offices are filled largely by the same individuals. D. W. Parsons was the attorney for the former company and treasurer of the latter. In March, 1910, plaintiff had a conversation with J. L. Owens about the purchase of some stock in the Owens Company. He referred her to Parsons, who sold her fifty shares of stock of the par value of $100 each, in the manufacturing company, for which she paid $5,000 and $60 for reputed dividends thereon. Plaintiff is the mother of Clyde S. Ricker, who was 22 years of age at the time of the transaction, and in the employ of the Owens Company. He was inexperienced in business matters but remained with the company until May, 1913.

The trial court found as matters of fact, that plaintiff was informed by defendants' representatives in March, 1910, that it would be necessary for her son to furnish a surety bond, but if she would buy 50- shares of stock in the company such a bond would be waived. That plaintiff agreed to take the stock, the certificates therefor were issued and the stock paid for as stated. That plaintiff had never heard of the manufacturing company at the time of the purchase of the stock and did not know that there were two separate companies, but was led to believe by the representatives of defendants that the stock offered to her and which

she purchased was stock in the J. L. Owens Company. That she first heard of the manufacturing company when the certificates of stock were delivered to her, and she was then led to believe that the two companies were one and the same. That, at the time she agreed to purchase such stock, the officers and agents of defendants made certain representations as to the value of such stock, the dividends which it had earned, the assets of the company and its future prospects, all of which were false and untrue, and that in purchasing such stock plaintiff believed and relied thereon.

The trial court also found that plaintiff's son remained in the employ of defendants until May, 1913, during which time he became somewhat familiar with the methods and relations of the two companies and that he communicated the same to the plaintiff on and prior to November 1, 1910. That plaintiff learned and became aware of the falsity of the statements and representations respecting the value of the stock, the dividends earned and the assets of the company prior to January, 1912, but that notwithstanding such knowledge she made no attempt to rescind the contract for the purchase of such stock, but thereafter continued to exercise ownership over the same, demanded dividends thereon and thereby waived her right to rescind and accordingly was guilty of laches and that defendants were entitled to judgment.

We are unable to agree with the final conclusion reached by the learned trial court to the effect that plaintiff was guilty of laches so as to entitle defendants to judgment. The court found, and there was ample testimony in the record to warrant the finding, that plaintiff was deceived and misled in the purchase of the stock. There is proof throughout the record tending to show that the plaintiff supposed she was dealing with and negotiating for stock in the J. L. Owens Company; that she knew nothing of the manufacturing company until the time of receiving the certificates when she was lulled into the belief that the two companies were one and the same entity. Her son was in the employ of defendants, was authorized to act for plaintiff, and it appears from the testimony that he made several informal applications to the representatives of defendants for the return of the money which plaintiff had paid for the stock and the surrender of the certificates to the defendants. None of such attempts brought the desired result. Dif-

ferent reasons were given as to why matters could not be adjusted at the time, and so little progress was made toward a settlement. Similar efforts were put forth on behalf of the plaintiff at divers times between August, 1910, and the time of the commencement of this action.

It is well settled in this state that a party is held barred by laches when the delay is so long and the circumstances of such character as to establish a relinquishment or abandonment of the right. Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793. No such circumstances in the record of the instant case appear. It is apparent that during the entire period it was the desire of the plaintiff to procure a return of the money which she had parted with. There was no evidence that she intended to abandon the effort. The rule applicable is fully and clearly stated in the case of Brockman v. Brockman, 133 Minn. 148, 152, 157 N. W. 1086, 1088, where it was said: "The defense of laches does not, like the statute of limitations, depend entirely upon lapse of time. That is only one of the considerations involved. It is an equitable defense based upon grounds of public policy, which require, for the peace of society, the discouragement of stale demands." Applying these principles, we are of the opinion that the testimony as shown by the record does not justify the conclusion that there was any intention on the part of the plaintiff to abandon her efforts to obtain a return of her money and the surrender to defendant of the certificates of stock issued to her. While the efforts put forth by the son may not have been in accordance with the rules and requirements of law to make out a legal demand upon the defendants, yet it is clear that there was no purpose on the part of the plaintiff to abandon efforts to that end. We think the final conclusion of the trial court was wrong in that respect and that a new trial should be granted.

Order reversed.

On June 17, 1921, the following order was filed:

The order remanding this cause will be and is amended to read as follows:

It is therefore ordered, that the order appealed from be reversed with directions to the court below to render judgment for plaintiff for the amount claimed in the complaint, subject to the right of defendant to move the court below for a new trial of the issue of laches.