EMILIE S. RICKER v. J. L. OWENS COMPANY AND J. L. OWENS MANUFACTURING COMPANY.[1]

February 3, 1922.

No. 22,652.

**New trial because of laches—because of newly discovered evidence.**

The plaintiff sued to rescind for fraud the purchase of stock in the defendant J. L. Owens Manufacturing Company and to recover the purchase price paid. The trial court found fraud. It denied a recovery because of the plaintiff's laches. On appeal by the plaintiff the order denying a motion for a new trial was reversed upon the ground that laches preventing a recovery was not shown. 149 Minn. 130, 182 N. W. 960. Subsequently the order of reversal was amended so as to direct the entry of judgment for the plaintiff for the amount demanded subject to the right of the defendant to move for a new trial of the issue of laches. The defendant made a motion for a new trial, one ground of which was newly discovered evidence. It is *held*:

(1) That the record shows that the court in denying the motion did not consider the ground of newly discovered evidence.

(2) That the motion for a new trial for which the mandate provided appealed to the trial court's discretion, upon the record as it stood, to grant a new trial of the issue of laches instead of enter a judgment for the plaintiff as alternatively ordered; and that the court properly denied the motion.

[1]Reported in 186 N. W. 702.

(3) That upon the reversal the defendant was the defeated party and was entitled to present a motion for a new trial upon the ground of newly discovered evidence. The provision in the mandate granting leave to move for a new trial of the issue of laches did not prevent a motion upon the ground of newly discovered evidence; nor did the defendant need permission from this court to make such motion.

(4) That on appeal from the order denying its motion for a new trial the defendant can allege error in the refusal of the court to consider its motion based on the ground of newly discovered evidence.

(5) That the defendant, not having had an opportunity to contest the finding of fraud against it, or any error of law inhering in such finding or in the determination of the issue of laches, may contest the same in the court below, and review the decision on appeal.

After the former appeal reported in 149 Minn. 130, 182 N. W. 960, defendant J. L. Owens Company's motion for a new trial was denied, Bardwell, J. From the order denying this motion, both defendants appealed. Affirmed in part and reversed in part. Case remanded.

*Selover, Schultz & Mansfield,* for appellants.

*O'Malley & O'Malley,* for respondent.

DIBELL, J.

This is an action for the rescission for fraud of a contract of purchase by the plaintiff of stock in the defendant J. L. Owens Manufacturing Company and for the recovery of the money paid. The trial court found the fraud charged. It found that the plaintiff was guilty of laches and for that reason denied a recovery. The plaintiff appealed to this court from an order denying her motion for a new trial, and the order was reversed. 149 Minn. 130, 182 N. W. 960. Afterwards the plaintiff moved in this court for an amendment of the order of reversal so as to direct the entry of judgment in her favor. The theory of the motion was that since the court below had found fraud, and this court had determined that there was no laches, the plaintiff should recover. The motion was resisted. The court in disposing of it made this order:

"The order remanding this cause will be and is amended to read as follows: It is therefore ordered, that the order appealed from be reversed with directions to the court below to render judgment for

plaintiff for the amount claimed in the complaint, subject to the right of defendant to move the court below for a new trial of the issue of laches."

The defendant Owens Company then moved for a new trial and assigned newly discovered evidence as one ground. The motion was denied. Both companies join in the notice of appeal though but one made the motion. This does not seem important.

1. The trial court considered the motion as limited to the ground specified in the mandate, that is, the issue of laches; and it ruled that it was without power or discretion to consider the ground of newly discovered evidence. The order denying the motion states that "at the opening of said argument upon said motion plaintiff objected to defendant presenting argument or affidavits in support of its motion on any other ground than that specified in the order of the supreme court, the issue of laches, and in accordance with the order of the supreme court filed in said action the court ordered that the motion of defendant be presented on this issue solely, exception to which was duly made by defendant."

The order permits no other construction than that the court limited the presentation of the motion and its ruling thereon to the issue of laches.

2. The motion referred to in the order of reversal invoked the court's discretion to grant a new trial of the issue of laches instead of granting judgment as alternatively ordered. This court was of the opinion that upon the record the plaintiff was entitled to judgment; but it left it to the discretion of the trial court to determine whether instead of judgment there should be a new trial of the issue of laches. The trial court determined that there should not be a new trial. Its order in this respect is sustained.

3. When the case was reversed the defendant was the defeated party. The most that it could get was a new trial of the issue of laches which had been found by the trial court in its favor; if not that, judgment, as the record stood, would go against it. It was entitled to present a motion for a new trial upon the ground of newly discovered evidence though defeated on appeal. Sheffield v. Mullin, 28 Minn. 251, 9 N. W. 756; Archer v. Whitten, 120 Minn. 433, 139

N. W. 815; National Elev. Co. v. Great N. Ry. Co. 140 Minn. 382, 168 N. W. 134; Ex Parte Fuller, 182 U. S. 562, 21 Sup. Ct. 871, 45 L. ed. 1230.

A party defeated on appeal is not required to ask that the mandate give him leave to move for a new trial upon the ground of newly discovered evidence. Thus, in Archer v. Whitten, 117 Minn. 122, 134 N. W. 508, Justice Bunn said:

"We are asked to remand this case, with permission to defendant to move the trial court tfor a new trial on the ground of new evidence discovered since the appeal was taken. The whole matter of leave to make such motion, as well as its decision, rests with the trial court."

4. On appeal from the order denying its motion for a new trial the defendant may have reviewed the error of the court in refusing to consider its motion so far as based upon newly discovered evidence. The defendant had a right to present its motion. The court declined to consider it upon the ground that it was without power or discretion. In this it was in error. The error inheres in the order and is reviewable on an appeal from it. Ashton v. Thompson, 28 Minn. 330, 9 N. W. 876; Leonard v. Green, 30 Minn. 496, 16 N. W. 399; Seibert v. Minneapolis & St. L. R. Co. 58 Minn. 58, 57 N. W. 1068; State v. District Court of St. Louis County, 68 Minn. 147, 70 N. W. 1088; Nornborg v. Larson, 69 Minn. 344, 72 N. W. 564.

5. The defendant has not had the opportunity of reviewing the finding of fraud, nor any question of law affecting the issue of laches except as determined on the appeal of the plaintiff. It complains that it is denied a review. We do not understand it so. Upon the plaintiff's appeal the issue of laches was for consideration. The issue of fraud was not, for it was found in favor of the plaintiff who appealed and against the defendant which did not appeal and could not. On an appeal this court cannot conclude a party on an issue as to which he is the respondent and at the same time upon an issue found against him below as to which neither he nor his adversary could appeal, and which is not and could not be presented on appeal. See Lumbermen's Ins. Co. v. City of St. Paul, 82 Minn. 497,

85 N. W. 525; Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623; Daily v. St. Anthony F. W. P. Co. 129 Minn. 432, 152 N. W. 840; Kies v. Searles, 146 Minn. 359, 178 N. W. 811. The proper practice need not be suggested.

The final result is that the trial court's denial of the defendant's motion for a new trial so far as directed to laches was proper. The motion based upon the ground of newly discovered evidence was properly presented and should have been considered. If the defendant is aggrieved by the finding of fraud, or in the determination of a question not concluded by the determination on the issue of laches, it has its remedy.

The order denying a new trial is affirmed so far as it denies the motion for a new trial on the issue of laches, and is reversed so far as it refuses to consider the ground of newly discovered evidence upon which the motion is in part based; and the case is remanded with directions to consider the motion on such ground.

Order affirmed in part and reversed in part and case remanded.