EMILIE S. RICKER v. J. L. OWENS COMPANY AND ANOTHER.[1]

January 5, 1923.

No. 23,176.

**New trial denied.**

Motion for new trial on ground of newly discovered evidence properly denied. [Reporter.]

After the former appeals the motion for a new trial on the ground of newly discovered evidence was heard and denied by Bardwell, J. From the order denying their motion for a new trial, defendants appealed. Affirmed.

*Selover, Schultz & Mansfield,* for appellant.

*O'Malley & O'Malley,* for respondent.

PER CURIAM.

This cause has been before the court on two former appeals. 149 Minn. 130, 182 N. W. 960; 151 Minn. 314, 186 N. W. 702. On the trial of the action the court gave judgment for defendant on the merits of the case. On appeal from an order denying a new trial there was a reversal with a new trial. The court subsequently modified that order by directing judgment for plaintiff as claimed in the complaint, subject to the right of defendant to move for a new trial of the issue of plaintiff's laches in bringing the action. On the remand of the cause, defendant moved for a new trial on that ground and also upon the ground of newly discovered evidence. The trial court denied the motion so far as it involved the question of laches, but declined to hear or pass upon the right of defendant to a new trial on the ground of newly discovered evidence, deeming its authority in the premises to be expressly limited by the former order of this court. The second appeal was from that order. It was here affirmed as to the order denying a new trial on the ground of laches, and ordered remanded with directions to the court below to consider and determine the other branch of the motion, namely, the right of defendant to a new trial on the ground of newly discovered evidence. That feature of the motion was then presented to the court, resulting in an order denying a new trial on that ground also. The present appeal is from that order.

A careful consideration of the record, both that presented on the former appeals, and that on the present appeal, leads to the conclusion that there has been no abuse of discretion in the denial of the motion for a new trial

[1]Reported in 191 N. W. 252.

here under review. The motion was predicated wholly upon the ground of newly discovered evidence. But upon the matter of lack of diligence on the part of defendant in discovering the alleged new evidence, and upon the further essential element, the likelihood that the new evidence would have any fair tendency to change the result on another trial, we think the court reached the correct conclusion. 2 Dunnell, Minn. Dig. § 7131. No manifest injustice results, and no abuse of discretion appears. Nelson v. Carlson, 54 Minn. 90, 55 N. W. 821; 2 Dunnell, Minn. Dig. § 7125.

Order affirmed.