IN RE ESTATE OF WILLIAM M. HORE.
HELEN R. RYDEEN v. FRANK J. COLLINS.[1]

June 21, 1946.

No. 34,194.

See, 220 Minn. 365, 19 N. W. (2d) 778.
*Ben R. Toensing* and *Frank J. Collins (pro se),* for appellant.
*Frank E. McAllister,* for respondent.

[1]Reported in 23 N. W. (2d) 590.

JULIUS J. OLSON, JUSTICE.

This case has been here before. See, In re Estate of Hore, 220 Minn. 365, 19 N. W. (2d) 778, 160 A. L. R. 1064, to which reference is made as to facts there found by the trial court, our decision on those facts, together with our direction for entry of a final judgment. The issues of law and fact are there fully stated and need not be recited again. Our decision there was based upon the same record as is now presented here. The claim of newly discovered evidence made by appellant (the executor) will be disposed of later. On the former appeal the executor prevailed in the court below. Claimant appealed (1) from the order denying her motion for a new trial and (2) from the judgment. We disposed of the two appeals together, saying (220 Minn. 370, 19 N. W. [2d] 781):

"* * * The two appeals have been submitted upon the same record, briefs, and argument. They raise identical questions. Under the circumstances, one decision disposes of both appeals. * * * The effect of our decision is to treat the appeals as consolidated and united."

Reviewing the facts there found, we concluded that "The appeals raise the single question whether there was error in the trial court's conclusion of law," and held (220 Minn. 373, 19 N. W. [2d] 783):

"The trial court's conclusion of law that the check was not a valid and subsisting claim against decedent's estate is erroneous. Appellant is entitled to have her claim for the check allowed.

*"Reversed with directions to enter judgment allowing appellant's claim."* (Italics supplied.)

There was no petition for reargument or any motion or other effort made to have this court limit or modify anything which we there recited or decided either as to the facts or the law. We simply differed with the trial court in respect to the conclusion of law. The facts found by it and determined were in no way changed or disturbed.

Claimant, being of the view that the former decision is not only the law of the case, but that it is fully binding and conclusive upon

the court below, cites and relies largely upon Minnesota Land & Immigration Co. v. Munch, 118 Minn. 340, 343, 136 N. W. 1026, 1027-1028, where we held:

"All questions raised or which can be raised on a former appeal become res adjudicata therein. [Citing cases.] By failing to argue errors assigned, a party does not escape being concluded by the decision. Moreover, it may be said that, in making the decision in the former appeal directing the court to change the conclusion of law alone, it must have been considered that the attack on the specific findings of fact was without merit. As said in Re Sanford Fork & Tool Co., Petitioner, 160 U. S. 247, 16 Sup. Ct. 291, 40 L. ed. 414: 'It must be remembered, however, that no question, once considered and decided by this court, can be re-examined at any subsequent stage of the same case.'

"* * * It is true that, where a judgment or order is simply reversed, the court below may make such disposition of the case as may be deemed proper; and is consistent with the decision which becomes the law of the case. And certainly unintentional errors, mistakes, or omissions may be corrected. But when the judgment is reversed because the conclusion of law directed the entry of a wrong judgment, and the appellate court, permitting the assailed findings of fact to stand, directs the trial court to amend the conclusions of law and order judgment accordingly, the trial court has no authority to amend those findings of fact. Before that could be done the judgment and mandate from this court would have to be modified." (Citing cases.)

That decision, unless later modified or limited, determines the vital issue in our present case. Here, as there, we did not *simply reverse* the trial court, but we unmistakably directed that court to do a definite thing, *i. e.,* "to enter judgment allowing appellant's claim." Obviously, the trial court, under that decision, had no authority to amend the findings, since (118 Minn. 344, 136 N. W. 1028) "Before that could be done the judgment and mandate from this court would have to be modified." The reason for this result

is simple enough, because, as was held by the United States Supreme Court in Stewart v. Salamon, 97 U. S. 361, 24 L. ed. 1044, 1045:

"An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court, in exact accordance with our mandate upon a previous appeal. *Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves.*" (Italics supplied.)

This question has been before that court in many cases. Our examination of these discloses no case at all helpful to appellant's contentions.

■ In the instant case, upon the going down of the remittitur after our former decision, the trial court, on August 9, 1945, reversed the decision of the probate court and directed that court to enter judgment allowing respondent's claim in full with interest. Thereafter appellant moved in the alternative for amended findings or a new trial. Claimant appeared specially and objected to the court's jurisdiction to hear the matters set forth in the motion, being of the view that the mandate of this court had settled the question of liability. The court permitted the motion to be heard, however, and on October 17, 1945, made the order here for review. Thereby the court denied appellant's motions "in all respects and upon all grounds." This appeal followed.

Claimant has moved this court to dismiss the present appeal upon the ground that our opinions in the Munch case and in Personal Loan Co. v. Personal Finance Co. 213 Minn. 239, 6 N. W. (2d) 247, are controlling and decisive of the issues here. Thus, in the Personal Loan Company case, we held (213 Minn. 242, 6 N. W. [2d] 249):

"Where this court reverses an order or judgment and remands the case with specific directions as to the order or judgment to be entered, upon remittitur it is the duty of the trial court to execute the mandate of this court precisely according to its terms, without alteration, modification, or change in any respect. [Citing cases.] The interposition of an answer by defendant after the original de-

cision on appeal does not affect one way or the other the operation of the rule requiring compliance with our mandate."

■ We next turn our attention to appellant's contention that Ricker v. J. L. Owens Co. 149 Minn. 130, 182 N. W. 960, and *Id.* 151 Minn. 314, 186 N. W. 702, distinguish and limit the force and effect of our decision in the Munch case. Our examination of the cited decisions does not accord with this contention. As will be observed in the later opinion written by Mr. Justice Dibell, the entire history of the case is there fully recited. On the first appeal, the trial court's order was reversed with directions to that court (151 Minn. 315-316, 186 N. W. 703) "to render judgment for plaintiff for the amount claimed in the complaint, subject to the right of defendant to move the court below for a new trial of the issues of laches." Defendant then moved for a new trial and assigned newly discovered evidence as a ground for such relief. The trial court was of the opinion that the mandate of this court limited the issue to laches, and ruled that it was without power or discretion to consider the ground of newly discovered evidence. As to that phase, this court held that (151 Minn. 317, 186 N. W. 703) "A party defeated on appeal is not required to ask that the mandate give him leave to move for a new trial upon the ground of newly discovered evidence." The opinion quotes from Archer v. Whitten, 117 Minn. 122, 123, 134 N. W. 508, 509, as follows:

"We are asked to remand this case, with permission to defendant to move the trial court for a new trial on the ground of new evidence discovered since the appeal was taken. The whole matter of leave to make such motion, as well as its decision, rests with the trial court."

As a result (151 Minn. 318, 186 N. W. 704):

"The order denying a new trial is affirmed so far as it denies the motion for a new trial on the issue of laches, and is reversed so far as it refuses to consider the ground of newly discovered evidence upon which the motion is in part based; and the case is remanded with directions to consider the motion on such ground."

Clearly, there is nothing in that case inconsistent with our holding in the Munch case. If counsel are still in doubt, they may profitably refer to our opinion in the Personal Loan Company case.

■ Finally to be disposed of is appellant's claim that his "newly discovered" evidence is of such force and cogency as to require the granting of a new trial. In passing upon this phase, we should bear in mind that originally two cases were presented to and decided by this court together. See, In re Estate of Hore, 220 Minn. 365, 19 N. W. (2d) 778, 160 A. L. R. 1064; Id. 220 Minn. 374, 19 N. W. (2d) 783, 161 A. L. R. 1366. The check case is the one we are presently considering. Its companion case involved a promissory note. In both, the parties were the same as in this case, as were their counsel.

On the former appeals, we find in the executor's brief (p. 24) this significant statement:

"* * * The other issue tried at the same time involving a promissory note, is up on appeal to this court under its file No. 33,949. The record served and filed is much more complete than the one printed in the instant appeals. It will give the court a much better perspective of the situation of the parties. The full story will reveal itself as that appeal is presented. We invite the court's attention to consider the factual background in connection with this case, from the record made and filed and the briefs to be submitted therein."

It is therefore obvious that counsel then deemed the two appeals so intertwined and correlated that he asked this court to consider them together. We acted pursuant to that request. Concerning the present phase, our conclusion in the note case was (220 Minn. 383, 19 N. W. [2d] 787) that diligence "which led to the discovery of the new evidence after trial would have discovered it had such diligence been exercised prior thereto." That reason is equally applicable now. In its essential aspects, this matter was necessarily addressed to the sound discretion of the trial court. The burden is upon the one seeking such relief as appellant wants to show

"affirmatively and unequivocally that the new evidence was not in fact discovered until after the trial and that it could not have been discovered before the trial by the exercise of reasonable diligence." 5 Dunnell, Dig. & Supp. § 7128, and cases under notes 51 and 52.

Here, we observe that one of the experts upon whose testimony reliance was largely placed, Mr. R. Edison Barr, after thorough research, has, according to appellant's brief (p. 92), reached the conclusion from his examinations "that the signature on Claimant's Exhibit B, a check for $20,000, dated August 9, 1941, was genuine." Of course he assigns other reasons why he thinks the check is not genuine. After all is said and done, we believe, in view of the rule heretofore cited, that the case should now end.

The order is affirmed.