In re the Marriage of Jane E.
LARSON, petitioner,
Respondent,

v.

Alton L. LARSON, Appellant.

No. C3–84–1913.

Court of Appeals of Minnesota.

July 9, 1985.

Review Denied Sept. 26, 1985.

Michael J. Pitton, St. Paul, for respondent.

Jerome D. Ciresi, St. Paul, for appellant.

Heard, considered and decided by FORSBERG, P.J., and WOZNIAK and SEDGWICK, JJ.

## SUMMARY OPINION

SEDGWICK, Judge.

This appeal is from a judgment of dissolution and denial of a motion for a new trial. Upon dissolution of this 26 year marriage the trial court made the following findings:

(1) The pension plans of Mr. Larson should be valued as of the date of trial rather than the date of separation a year and one-half earlier;

(2) Child support payments would be based on Mr. Larson's income as a married taxpayer with no exemptions;

(3) That spousal maintenance was appropriate despite Mrs. Larson's fulltime job because her living expenses outstripped the salary earned by her;

(4) the value of the household goods, furnishings and antiques owned by the couple was $10,950;

(5) A percentage of Mrs. Larson's attorney's fees should be paid by Mr. Larson.

Mr. Larson contends these findings are an abuse of the trial court's discretion.

1. The increase in the value of appellant's pension from $9,796 to $15,656 from the date of separation to the date of trial is marital property. Minn.Stat. § 518.-54, subd. 5 (1982); *Ronnkvist v. Ronnkvist,* 331 N.W.2d 764 (Minn.1983).

2. The trial court did not deviate from the child support guidelines. It determined from evidence introduced at trial that appellant's net monthly income was $2,167.53. Appellant chose not to submit additional evidence at trial, but after trial submitted pay stubs showing increased deductions with no other information. The new figures were unsupported by the trial record, and as this court held in *Deliduka v. Deliduka,* 347 N.W.2d 52 (Minn.Ct.App. 1984), the trial court's findings will not be disturbed.

3. The finding that Mrs. Larson lacked sufficient property to provide for her reasonable needs and to support herself adequately on her salary is justified by the evidence.

4. The expert's valuation was within the reasonable range of the evidence. The court did not err in adopting the appraisal. *Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979).

5. An award of attorneys fees will not be disturbed absent a clear abuse of discretion. *Kirby v. Kirby,* 348 N.W.2d 392 (Minn.Ct.App.1984).

In dissolution cases the trial court is accorded broad discretion with respect to the division of property, maintenance and provision for custody and support of children. There must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the trial court abused its discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

## DECISION

The court did not err in its valuation and division of marital property, child support, maintenance or attorneys fees.

Affirmed.