In re the Marriage of: Rosanne
**GUMMOW, petitioner,**
**Appellant,**

v.

**Gary D. GUMMOW, Respondent.**

**No. C4–85–893.**

Court of Appeals of Minnesota.

Oct. 1, 1985.

Bjorn J. Ulstad, St. Paul, for appellant.

Lawrence D. Olson, St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Rosanne Gummow appeals from an amended judgment and decree of dissolution and from a denial of her motion for new trial. She claims the property distribution was erroneous.

Respondent Gary Gummow filed a notice of review claiming the court selected the wrong date when it valued appellant's pension.

We affirm.

## FACTS

This case has been before us previously. *Gummow v. Gummow,* 356 N.W.2d 426 (Minn.Ct.App.1984). In *Gummow I,* both parties appealed the trial court's decision. We remanded for an equitable property distribution. Rosanne Perlick (Perlick) appeals from the second judgment and decree.

The parties were married in 1972 and divorced in 1983. During the course of the marriage, appellant Rosanne Perlick (formerly Rosanne Gummow), worked as a teacher with an average annual salary of $16,560.00. Respondent, Gary Gummow (Gummow), was self-employed as a barber and earned an average annual salary of $5,407.00 during the course of the marriage.

At the time of separation, the parties owned a home and a lake cabin. The home was built for the parties in 1974 at a cost of $37,650.00. Perlick made the down payment of $3800.00 from her nonmarital funds. The home is now worth $91,000.00, subject to mortgages of $29,890.53 and $3,728.80.

The lake cabin was built in 1976. At the first trial, the court found that Perlick had

paid $200.00 in earnest money and $300.00 of the down payment from her nonmarital funds. *Gummow*, 356 N.W.2d at 427. At the second trial, the court found that she had contributed only the $200.00 earnest money from nonmarital funds. Construction costs of $10,250.00 and the balance of the purchase price for the land were financed by loans from her credit union. The cabin now has a market value of $57,995.00 and is unencumbered.

In the first trial, the court awarded Perlick eighty percent of the equity in the home and cabin and Gummow twenty percent, based *solely* upon the parties' monetary contributions to the marital estate. Perlick also received one hundred percent of her pension fund.

Gummow appealed the district court's division of property and we reversed. *Gummow*, 356 N.W.2d at 429. The trial court did not properly take into account the conclusive presumption that each party made a substantial contribution to the acquisition of income and property. *Id.* at 429. Minn. Stat. § 518.58 (1982). We noted that a division of property based mathematically on respective salaries is not necessarily equitable. *Gummow*, 356 N.W.2d at 429.

We also ordered a recalculation of Perlick's nonmarital interest in the lake cabin. *Id.* The trial court applied *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981). It found that Perlick had contributed $500.00 in nonmarital property, but applied the *Schmitz* formula only to the cost of the cabin's lot ($8500.00). We concluded that the calculation must include the construction cost of $10,250.00. Perlick's nonmarital share should have been based upon her contribution of $500.00 to the total initial cost of the cabin which was $18,750.00.

Upon remand, the district court did not simply redistribute the property. It held a new trial. Perlick alleges that during the course of this second trial the trial judge acted in a hostile manner toward her and her attorney. Perlick also claims that the judge seemed to identify with Gummow's position. Perlick made no objection during the trial to the court's conduct. Perlick first mentioned her claim of actual bias in a motion for a new trial.

In the amended findings of facts and conclusions of law, the trial court found that Perlick contributed only $200.00 of her nonmarital assets to the cost of the cabin, rather than $500.00 as found by the first trial court. Perlick claims that her nonmarital share was thus reduced by $965.00. The trial court also recalculated the amount of marital funds accrued in Perlick's pension fund. The first trial court found the amount to be $28,718.62. The amended findings indicated that amount was $29,484.73, figured from the date of the separation.

During the second trial, Perlick claimed that the value of a fireplace installed in the couple's residence was her nonmarital property. A friend of Perlick's, with Gummow's assistance, installed the fireplace free of charge. It has a value of $2300.00 and increased the value of the residence. The trial court rejected Perlick's claim.

The second trial court distributed fifty percent of the marital property to each party as indicated in the chart below:

| PROPERTY | HUSBAND | WIFE |
|---|---|---|
| Residence | $57,381 | |
| Lake Cabin | | $57,995 |
| Wife's Pension | | 34,831 |
| Husband's Pension | 4,481 | |
| Lien on residence | 7,574 | (7,574) |
| Nonmarital contribution | | (14,588) |
| TOTAL | $70,050 | $70,050 |

## ISSUES

1. Did the trial court err in holding a new trial?

2. Was the trial judge biased against appellant?

3. Did the trial court properly find that Perlick's nonmarital contribution to the acquisition of the lake property was $200.00 rather than $500.00?

4. Is the value of staining and painting performed by Perlick and the gift of a fireplace nonmarital property?

5. Should the amount accumulated in appellant's pension be calculated

from the time of the parties' temporary order or from the time of the divorce decree? Was the court's division of appellant's pension an abuse of discretion?

## ANALYSIS

### I.

*New trial*

In *Gummow I* we remanded this case to the trial court for an equitable distribution of marital property. *Gummow I*, 356 N.W.2d at 429. The trial court held a second trial at which it heard evidence relating to the factors affecting property distribution outlined in § 518.58. The trial court on remand is allowed to proceed "in any way not inconsistent with the opinion of this court * * *." *National Surety Co. v. Wittich*, 186 Minn. 93, 95, 242 N.W. 545, 546 (1932) (citing *National Investment Co. v. National Savings, Loan & Building Ass'n*, 51 Minn. 198, 53 N.W. 546 (1892); *Kurtz v. St. Paul & Duluth R.R. Co.*, 65 Minn. 60, 67 N.W. 808 (1896); *National Elevator Co. v. Great Northern Ry. Co.*, 140 Minn. 382, 168 N.W. 134 (1918)). In *Gummow I* we stated that the trial court must consider all statutory factors, not merely monetary contributions by the parties, in making an equitable distribution. *Gummow I*, 356 N.W.2d at 429; *see* Minn.Stat. § 518.58 (1982). The evidence heard at the second trial facilitated the equitable distribution of marital property we required in *Gummow I*. The second trial was not inconsistent with *Gummow I*. The trial court did not err in holding a new trial.

Appellant argues that because we remanded only for an equitable distribution of property and did not specifically require a new trial that a new trial was improper. The commencement of a new trial was not inconsistent with our decision in *Gummow I* and was proper.

### II.

*Judicial Bias*

Appellant claims that during the trial, the trial judge identified with respondent in some matters and was openly hostile towards appellant.

On appeal, we consider only those issues "that the record shows were presented and considered by the trial court in deciding the matter before it." *Schatz v. Davis*, 354 N.W.2d 522, 524 (Minn.Ct. App.1984) (quoting *Thayer v. American Financial Advisors, Inc.*, 322 N.W.2d 599, 604 (Minn.1982)). Appellant at no time during the trial objected that the trial judge was biased against her. Appellant never made a motion that the judge recuse himself because of bias. The claim of bias appears for the first time in a post-trial motion for a new trial which was denied. Because the issue of judicial bias was not raised during trial, appellant's timeliness is questionable. However, the trial court addressed that claim in its memorandum attached to its order and we will address the issue.

The record is insufficient to sustain a finding of judicial bias. There is nothing in the record except appellant's allegation to indicate that the trial judge was either unfair to Perlick or biased in favor of Gummow. In his memorandum accompanying the order denying a new trial, the trial court admitted to some exasperation with Perlick's attorney, but stated that "was in no way intended to reflect on the parties." He also said that "[t]his Court can only assure the petitioner that he bore no animosity toward her whatsoever, either at the time of trial nor at the present." We are satisfied that no judicial bias existed.

### III.

*Nonmarital property*

In *Gummow I*, the trial court found that Perlick had contributed $500.00 to the acquisition of the couple's lake cabin and determined Perlick's percentage of nonmarital interest based upon that figure. *See Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn. 1981) (formula for determining percentage of nonmarital interest). In the second trial,

the court found that Perlick had contributed only $200.00. Perlick claims that the trial court erred when it used the lower figure.

■ Once a new trial is commenced, the trial judge may proceed de novo without consideration of findings of fact and conclusions of law found in the previous case. *Quast v. Prudential Property & Cas. Co.*, 267 N.W.2d 493, 495 (Minn.1978) (quoting *Patton v. Minneapolis Street Ry. Co.*, 245 Minn. 396, 398, 71 N.W.2d 861, 862 (1955)). A reviewing court will not set aside the trial court's findings of fact unless they are clearly erroneous. Minn.R.Civ.P. 52.01 (1985). Therefore, we will not set aside findings of fact unless we are left with a definite and firm conviction that a mistake has been made. *Minnesota Public Interest Research Group v. White Bear Rod and Gun Club*, 257 N.W.2d 762, 782–83 (Minn.1977).

■ The second trial court found no evidence in the record that Perlick had made a nonmarital contribution of $500.00 and determined that her nonmarital contribution was $200.00. That finding was not clearly erroneous.

### IV.

*Marital property*

■ Perlick claims that the value of a fireplace built by a friend of hers as a gift is nonmarital property. In Minnesota, nonmarital property is defined as:

property real or personal, acquired by either spouse before, during, or after the existence of their marriage, which:

(a) is acquired as a gift * * * made by a third party to one but not to the other spouse * * *.

Minn.Stat. § 518.54, subd. 5(a) (1984). Each party to a marriage is presumed to have substantially contributed to the acquisition of marital property. Minn.Stat. § 518.58.

■ When the parties' residence was built in 1974, a friend of Perlick's built a fireplace for the house. Gummow assisted by carrying brick and mixing mortar. The agreed value of the fireplace is $2,300.00. The trial court found that the fireplace was marital property and not a gift to appellant alone.

The record supports this finding because Gummow helped build the fireplace. The finding was not clearly erroneous. *See* Minn.R.Civ.P. 52.01.

### V.

*Valuation of Pension*

The trial court adopted January 26, 1982, the date of the separation and temporary order, as the date for valuation of Perlick's pension. The trial court found that the pension was worth $34,831.29 on that date, of which $29,484.73 was marital property. Gummow filed a notice of review, claiming that the proper date for valuation is the date of the parties' dissolution decree, which is August 19, 1983. The court found that Perlick's pension was worth $42,738.76 as of August 19, 1983, an increase of $7,907.47 from January 26, 1982, but did not award Gummow any share in that $7,907.47 increase. Thus, Gummow claims, the parties' marital estate should be increased by $7,907.47, and he should be entitled to an offset or credit for a like amount.

■ Assigning a specific value to an asset is a finding of fact. We will not set aside the trial court's valuation unless it is clearly erroneous. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (Minn. 1975). Furthermore, a trial court need not be exact in the valuation of assets in a dissolution proceeding; it is only necessary that the value assigned by the court lies within a reasonable range of figures. *Id.*

■ Property acquired by the parties after commencing the dissolution but prior to the actual final decree is marital property. Minn.Stat. § 518.54, subd. 5 (1984); *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764 (Minn.1983); *Johnson v. Johnson*, 277 N.W.2d 208 (Minn.1979); *Larson v. Larson*, 370 N.W.2d 707 (Minn.Ct.App.1985). Thus, the trial court should have valued the pension as of August 19, 1983, the date of

the dissolution. The ultimate *division*, however, was not in error. In essence, the trial court awarded $77,957.47 ($70,050.00 plus the increase in the pension's value) of property to Perlick, and $70,050.00 to Gummow. This 53%–47% division is not clearly erroneous.

Among the factors to be considered in dividing marital property under § 518.58 is "the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property." *Id.* Additionally, the statute's conclusive presumption that each spouse made a substantial contribution applies while the parties are "living together as husband and wife." During the time the pension appreciated $7,907.47, the parties were not living together as husband and wife. The trial court could have found that Gummow made no contribution to the increase in Perlick's pension once the parties separated. Although the trial court was obligated to consider the pension's value as of the date of dissolution as marital property, the court had discretion to consider what, if any, share Gummow was equitably entitled to after the parties separated. When a husband and a wife are living apart (and independently), even though they remain legally married until the date of the actual divorce decree, equity allows courts to look at the respective contribution, or lack thereof, of each party to the acquisition of marital assets during the separation and take that into account when making a fair division. *Silverness v. Silverness*, 270 Minn. 564, 134 N.W.2d 901 (1965) *cited in Johnson*, 277 N.W.2d at 212. It was not an abuse of discretion for the court to award respondent a nearly 50/50 split of the value of appellant's pension but exclude from the split the appreciation during the months that the parties lived apart before the divorce.

Upon review of the trial record, we cannot say that the ultimate distribution was inequitable, even though the calculation of the value of Perlick's pension should have used the later date. A mathematically precise 50–50 division of marital property is never required, although there are times when it may be the most equitable division.

The trial court in this case effected a 53%–47% division of the parties' marital property. We affirm the trial court. In the first trial, the trial court awarded Perlick 80% of the marital property and Gummow 29%. In *Gummow I*, we reversed that distribution. We do not suggest by this decision that the best division of property in every case is a virtual 50–50 split. Our concern is that the trial court consider all statutory factors when determining an equitable distribution of property. *See* Minn.Stat. § 518.58.

In the first trial between these parties, the trial court's distribution of marital property based *solely* on monetary contributions of the parties was defective because the court failed to consider all statutory factors. In the second trial, the trial court took into account all statutory factors. For that reason, the property distribution was equitable and we affirm.

## DECISION

The trial court properly commenced a new trial on remand. Perlick's request for a new trial on the ground of judicial bias is denied. The record does not support a finding of bias. The trial court made an equitable distribution of the parties' marital property, including appellant's pension.

Affirmed.