JOHN LAFFERTY v. JOSEPH HAWES and Another.[1]

November 26, 1895.

Nos. 9555—(93).

**Leasehold—Surrender by Agreement.**
*Held*, the evidence is sufficient to sustain the verdict and the finding thereon that there was a surrender of a leasehold by agreement of the parties.

**Same—Surrender by Operation of Law—Pleading.**
*Held*, the answer was sufficient to admit proof of a surrender by operation of law as well as by agreement of the parties.

[1] Reported in 65 N. W. 87.

Appeal by plaintiff from an order of the municipal court of Minneapolis, Mahoney, J., denying a motion for a new trial. Affirmed.

*Steele & Rees*, for appellant.

*R. L. Penney*, for respondents.

CANTY, J. Plaintiff was the owner of a certain store building, which he leased to defendants for three years from the first day of July, 1890, at a rental of $75 per month, in advance. The lease expired on the last day of June or first day of July, 1893, and defendants continued in possession until the first day of September, 1893. This action is brought to recover rent for the balance of the year commencing July 1, 1893, on the theory that by remaining in possession after the end of the three-year term the defendants became tenants for another year. Defendants in their answer allege "that by agreement of said parties said defendants surrendered' and delivered up to plaintiff all of said leased premises on the day prior to the first day of September, 1893, and said plaintiff thereupon accepted such surrender and took possession of said leased' premises and all thereof, and has ever since had possession thereof to the exclusion of said defendants." The answer further alleges that while defendants were still in possession plaintiff took from them the second floor of the building, and leased it to another party, and that, at the time of such surrender by defendants of the rest of the premises, defendants delivered to plaintiff the key to the building; that plaintiff accepted the same and took possession of the building, rearranged and remodeled the same, and ordered defendants to remove their signs from the building. On the trial the jury returned a verdict for defendants, and from an order denying plaintiff's motion for a new trial he appeals.

It is assigned as error that the evidence does not sustain the verdict. We are of the opinion that it does. Plaintiff testified that on July 1, 1893, he went to the store for the June rent, and received a check for it from one of the defendants. Plaintiff further testified: "He says: 'We are not doing anything. We don't sell so much for a week, and we will have to get out of here, in larger quarters. We are going into the wholesale business.' I says, 'Where are you going?' He says, 'Up on Fourth street and' Central avenue, to that building.' I walked straight off and left

him standing there. We walked down to the door of the building from the middle of the floor, and after that talk I walked off and left him. I said nothing at all at that time. On the seventeenth I thought it was a scheme of his; he didn't mean to move away, but wanted me to come down on the rent. He said nothing. Before the seventeenth he put a big sign up, saying he was going to move on, I think, the last of July; and he put a sign on the new building, saying they were going to remove with their stock of goods there at that time; and then I went and got a gentleman with me, —Mr. Tisdale,—and we went to Mr. Hawes and demanded, I demanded July rent,—seventeenth day of July. * * * I told him I wanted the rent. ˙ He said he didn't have it; he would get it some time for me. I says: 'Mr. Hawes, I want you to stay here. I don't want you to leave here. If you do, I shall hold you for the rent until the time is up for another year * * *;' and he walked to the back end of the store and left us." He testified that on July 24 he received a check for the July rent, but that no words passed. Thereafter he constantly asserted to defendants that he would hold them for the year's rent, and frequently demanded rent of them. There is evidence tending to prove that after they moved out he put a "For Rent" sign on the building, permitted theater posters to be put in the front windows of the store, made a new verbal lease with a former subtenant of defendants for less rent, and finally, on or about February 15, rented the store to another tenant for $40 per month from March 1. In the meantime he made some repairs.

Plaintiff in his complaint gives credit for all the rent so received, and the court charged the jury that, if there had in fact been no surrender of the premises, plaintiff might re-rent them for the use and benefit of the defendants after they moved out, but that the jury must determine from the evidence whether he in fact re-rented them for the use and benefit of defendants and on their account, or for his own use and benefit and on his own account, and no question is made as to this part of the charge. Under the evidence and the charge, plaintiff's acts of re-renting the premises, taken alone, prove nothing against him. His assertions that he was renting the same for the use and benefit of defendants and on their account accompanied all his acts of so re-renting the prem-

ises, and sufficiently characterize those acts as done for and on account of the defendants, if the premises had not already been surrendered to him.    But we are of the opinion that there was sufficient other evidence to sustain the finding that the premises had already been surrendered to him.

Just as the old term expired he was informed that defendants intended to and would move out.    He seemed to understand from all appearances that they did not intend to move out that day. Defendant Hawes testified: "The last part of June Mr. Lafferty came in there, I told him I should leave the first of August or the first of September.    *    *    *    He never said a word to it.    He turned around and went out."    This evidence, with the subsequent acts of plaintiff, tends to prove an agreement on his part to accept a surrender on August 1 or September 1, and an acceptance of the same on September 1, notwithstanding his protests.    Of these subsequent acts his demand that defendants remove their sign from the building before he had yet found a tenant for the same, and his placing theater posters in the windows, are the most significant, as they are inconsistent with the theory that he took no possession and assumed no control of the building except such as was necessary for the purpose of re-renting it for and on account of defendants.    We are of the opinion that all of the evidence offered on both sides was admissible under the pleadings, and that the answer was sufficient.

Various assignments of error are urged as to the rulings of the trial court in admitting the evidence of Dr. Cockburn, the subtenant before referred to, who testified as to the conversations and arrangements he had with plaintiff as to his further tenancy after defendants' term of three years expired.    It is claimed by appellant that this testimony simply goes to show an eviction of defendants or a surrender by operation of law, and not by agreement of the parties, and that it is not admissible under the pleadings. We cannot agree with counsel.    While it tends to prove an eviction, it also tends, with the other evidence in the case, to prove a surrender by agreement.    But we are also of the opinion that the answer is broad enough to admit proof of an eviction or a surrender by operation of law.    This disposes of plaintiff's exceptions to the charge.

There is nothing in the point that no such surrender as is here claimed could be proved by oral evidence.

This disposes of the case, and the order appealed from is affirmed.