| 65 | 37 |
| 84 | 428 |

JAMES H. MAHLER and Another v. MERCHANTS NATIONAL BANK and Others.[1]

June 4, 1896.

Nos. 10,051—(109).

Appeal—Assignments of Error.

The trial court made eleven separate and distinct findings of fact in this case, and the motion for a new trial was made on four distinct grounds. *Held*, that neither an assignment of error that the findings of fact are not justified by the evidence, nor one that the court erred in denying the motion for a new trial, is sufficient to present for review any specific errors.

Usury.

Findings of fact considered, and *held*, that they sustain the conclusion of law by the trial court to the effect that a certain note was not usurious.

Appeal by plaintiffs from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Affirmed.

*Michael & Peebles*, for appellants.

*C. W. G. Withee* and *Davis, Kellogg & Severance*, for respondent.

START, C. J. The plaintiffs brought this action against the defendants, the Merchants National Bank and A. K. Brockelsby, to recover the possession of a negotiable promissory note made by the plaintiffs, and two life insurance policies assigned by them to secure the payment of the note, on the ground that the note and assignment were usurious and void. The defendant bank, by its answer, alleged that it received the note and policies from the United States

[1] Reported in 67 N. W. 655.

Bank of Hartford, Connecticut, for collection, and disclaimed any other interest in the property. Thereupon the United States Bank became a party to this action, by intervention, and alleged that it was the owner and entitled to the possession of the note and securities, and demanded that they be returned to it. The defendant Brockelsby disclaimed any ownership or right of possession to the property. The trial court made its findings of fact and conclusions of law to the effect that the intervenor, the United States Bank, was the owner and entitled to possession of the property, and ordered judgment accordingly. The plaintiffs appealed from an order denying their motion for a new trial.

Three assignments of error are made by appellants, viz.: (1) The findings of fact and conclusions of law of the trial court are not justified by the evidence, and are contrary to law; (2) the conclusions of law are not justified or supported by the findings of fact; (3) the trial court erred in denying plaintiffs' motion for a new trial. These assignments are insufficient to raise the question whether the findings of fact—all or any of them—are justified by the evidence. There are eleven separate and distinct findings of fact, and the motion for a new trial is made on four separate and distinct grounds. In such cases it has been repeatedly held by this court that an assignment that the findings of fact are not supported by the evidence, or that the court erred in denying the motion for a new trial, is too general to present any specific error for review. Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Smith v. Kipp, 49 Minn. 119, 51 N. W. 656; In re Granstrand, 49 Minn. 438, 52 N. W. 41; Moody v. Tschabold, 52 Minn. 51, 53 N. W. 1023.

The second assignment of error presents the question whether the findings of the trial court sustain its conclusions of law to the effect that the note in question is not usurious and void. This conclusion is sustained by the findings of fact.

The trial court found as a fact that the plaintiffs employed L. P. Van Norman, who was a broker, as their agent to procure a loan for them. Accordingly, they made the note in question, in the sum of $900, payable to the order of themselves, due in six months, and wrote their names, by indorsement in blank, on the back of the note. and delivered the same to Van Norman, with a blank assignment of the insurance policies in question, securing the payment of the note,

with the intention that Van Norman should send the note to some person in the East, through or by whom the note would be sold or discounted. The plaintiffs agreed to pay Van Norman $61 for his services in securing the loan, which was deducted by him from the face amount of the note, with interest in advance at the rate of ten per cent. per annum, amounting to $45, and he gave the plaintiffs his personal check for the balance, $794. Van Norman, to raise the money paid the plaintiffs, drew his draft on the defendant Brockelsby, a broker in Hartford, Connecticut, for the sum of $841.- 50, with note and policies attached, who, on receiving them, sold the note, with the security, to the intervenor, the United States Bank, for the full face of the note, less a discount at the rate of six per cent. per annum. The bank so purchased and paid for the note in good faith, without notice; and, out of the money so received, Brockelsby paid Van Norman's draft. By this transaction Brockelsby received from Van Norman $13.50 of the $61 retained by the latter for his services. The court also finds that at or about the maturity of the note the plaintiffs, through Van Norman, paid Brockelsby a further sum of $13.50, over and above interest in advance at ten per cent. per annum, for procuring a further extension of the time of payment of the note for six months.

There is no finding that Van Norman was also the agent of Brockelsby, in the transaction, or that the employment of Van Norman to obtain the money for the plaintiffs was a mere make-shift to avoid the usury laws of the state. On the contrary, the trial court unqualifiedly found that the plaintiffs employed Van Norman in the transaction, and agreed to and did pay him for his service $61. This being so, no greater rate of interest was paid or contracted for than ten per cent. per annum. Therefore the note was not usurious. The original transaction being valid, the exaction of a bonus in excess of the legal rate by Brockelsby after the note became due did not make the note usurious.

Order affirmed.