LUCIUS O. HUNT and Others v. EDWARD O'LEARY.

| 78 | 281 |
|----|-----|
| s84 | 201 |

December 7, 1899.

Nos. 11,828, 11,829—(95, 96).

**Action—Stranger to Action.**

A stranger to an action can take no part therein, except to intervene or make an application to become a party thereto.

**Ejectment—Substitution of Parties.**

This is an action of ejectment, and the plaintiffs made a motion that the heirs of the deceased defendant be substituted as parties, and that H., who claimed to have acquired their interest in the land, be made a party defendant. H. opposed the motion, which was denied as to him, but granted as to the heirs. H. appealed from so much of the order as related to the heirs, and the plaintiffs from the part of the order denying the motion as to H. *Held,* that the ruling of the trial court was right.

Action in the district court for Nicollet county by Lucius O. Hunt and others, substituted as plaintiffs in place of Sarah Hunt, against Edward O'Leary to recover possession of land. The court, Webber, J., made an order, granting the motion of Walden S. Hunt and others to be substituted as plaintiffs in place of Lucius O. Hunt and others, and that P. H. O'Leary and others be substituted as defendants, but denying the motion so far as it asks to have William G. Hoerr joined as defendant. From this order, cross appeals were taken by Walden S. Hunt and others and by Hoerr. Affirmed.

*Thomas Hughes,* for plaintiffs.

*W. R. Geddes,* for William G. Hoerr.

START, C. J.

More than 22 years ago this action was brought by Sarah Hunt against Edward O'Leary to recover possession of certain land in the county of Nicollet. The original parties on both sides are dead.

The heirs of Mrs. Hunt have been substituted as plaintiffs in her place. On April 21, 1899, a motion was made by the plaintiffs that the heirs of Edward O'Leary, deceased, and William G. Hoerr, who claims to have acquired whatever interest in the land such heirs had, be substituted as defendants herein. There was no appearance in opposition to the motion, except by Hoerr, who objected to the motion as to the heirs of O'Leary because none of them then had any interest in the land which was the subject-matter of the action, and as to himself for the reason that no such action is now pending, and, if it were, the plaintiffs have lost their right to prosecute it by laches. The trial court made its order denying so much of the motion as asked to have Hoerr substituted as a defendant, and from this part of the order the plaintiffs appealed; also, granting the motion as to the heirs, and from this part of the order Hoerr appealed. These cross appeals were heard together in this court.

A brief statement of the history of the action will show that the order of the trial court was correct as to each of the appellants. The action was tried March 17, 1879, and on July 28, 1880, findings of fact and conclusions of law were made by the court, directing that the plaintiff take nothing by the action, and that the defendant recover his costs. On August 26, 1881, judgment was entered that the plaintiff take nothing by the action, and that the defendant have and remain in possession of the land. The plaintiff Sarah Hunt died intestate before this judgment was entered, and on June 27, 1881. Her heirs were substituted in her place as plaintiffs in the action September 6, 1887. No written notice of the judgment was ever served upon any of them. The costs of the action having been paid by them (there were no damages), a demand for another and second trial of the action, as provided by the statute (G. S. 1894, § 5845), was duly made, but the demand was not filed until February 1, 1899. The cause was noticed for trial November, 1887, placed on the calendar of the court for the December, 1887, term thereof, and was set for trial in vacation on eight days' notice by either party. It has never been tried the second time, and no further proceedings were taken in the action by the plaintiffs until they made the motion on which the order appealed from was based.

The defendant O'Leary died intestate August 1, 1888, and Hoerr

claims to have purchased the land from his heirs in March, 1897, for a valuable consideration, in reliance upon the judgment so entered in this action, and without any notice that any demand for a second trial had been made. The Hunt heirs, as they claim, were, however, at this time, and had been since about 1884, in the actual and exclusive possession of the land. The reason alleged by the plaintiffs why they did not bring the action to trial is that they had agreed upon a basis for the settlement of the action with O'Leary, but that it was not carried out, by reason of his death; that the negotiations were resumed with his heirs, but a settlement was delayed by the death of one of the Hunt heirs.

1. The order on the appeal by the plaintiffs must be affirmed. The payment of the costs and the service of a written demand for another trial of the action secured to them the absolute right to a retrial of the action, although the demand and proof of service were not filed in the office of the clerk of the court. When they noticed the cause for a second trial, if the defendant had challenged their right to proceed they would then have been obliged to make proof of the payment of the costs and the service of the demand. The legal effect of the payment of the costs and service of the demand for another trial was to deprive the judgment entered as the result of the first trial of all force as a final judgment, for the statute expressly provides that the judgment on the second trial shall be annexed to the judgment roll of the former trial, and be the final determination of the rights of the parties. G. S. 1894, §§ 5845, 5846.

The claim of Hoerr is that he bought the land of the heirs of the original defendant in reliance on the judgment on the first trial, and without notice that it was not a final judgment, for the reason that he had no notice that any demand for a second trial had been made, there being nothing of record to show that such was the case. On the other hand, the plaintiffs claim that he had notice of all the rights secured to them by the demand for a second trial, because they were in the absolute possession of the land. Now, the plaintiffs, by their motion, sought to make Hoerr a party defendant in this action, and thereby compel him to litigate therein their respective claims. He, in effect, insists on keeping out of this action as a party; leaving the controversy between the plaintiffs and him-

self to be determined, if at all, in an independent action.    It is clear that, if the plaintiffs were in possession as claimed, their rights cannot be prejudiced by remitting them to such independent action. It may be convenient and beneficial to the plaintiffs to have the controversy settled in this action, but, in view of their laches in the premises, the trial court was well warranted in denying their motion to make Hoerr a party to this action against his will.

2. As to the appeal of Hoerr, little need be said.    He insists that the order substituting the heirs of O'Leary as defendants must be reversed on his appeal, because, as he claims, they have no interest in the subject-matter of the action, he having purchased it of them. How does this concern him, unless he voluntarily intervenes in this action, or is made a party thereto?   He insists on keeping out of the action, and the court says he may.   He cannot be heard as to any of the proceedings in this action, and remain a stranger to it. A stranger to an action can take no part therein, except to intervene or to make an application to become a party thereto.   Mann v. Flower, 26 Minn. 479, 5 N. W. 365.

Order affirmed on both appeals.