WALDEN S. HUNT and Others v. P. H. O'LEARY and Others.[1]

October 18, 1901.

Nos. 12,686—(38).

## Prosecution of Action—Laches.

Upon this action in ejectment being remanded for a second trial (see 78 Minn. 281), H., who at that time successfully opposed an attempt made to bring him into the case as a party defendant, filed a complaint in intervention, alleging ownership of the property, right of possession, and demanding affirmative relief. An answer to the complaint and a reply thereto were filed, and the cause brought on for trial. *Held*, that H. could not thereafter raise the question of plaintiffs' laches in prosecuting the action.

## Technical Objections by Intervenor.

A person cannot be allowed to make himself a party, on paper, to an action pending against others, for the purpose of objecting to a trial thereof or moving to dismiss.

Action of ejectment in the district court for Nicollet county by Walden S. Hunt and others, substituted as plaintiffs in place of Sarah Hunt, deceased, against P. H. O'Leary and others, substituted as defendants in place of Edward O'Leary, deceased. Upon the first trial of the case judgment was entered in favor of the original defendant. Thereafter, plaintiff's application for a second trial having been granted, William G. Hoerr, who meantime had succeeded to the defendant's interest, filed a complaint of intervention praying for affirmative relief. Upon the second trial, before Webber, J., the court made findings of fact and as conclusions of law found that plaintiffs were the owners of the premises and that neither defendants nor intervenor had any right, title or interest therein. From a judgment entered pursuant to the findings, the intervenor appealed. Affirmed.

*W. R. Geddes* and *A. A. Stone*, for appellant.

*Thomas Hughes* and *Daniel Buck*, for respondents.

[1] Reported in 87 N. W. 611.

COLLINS, J.

This is an action of ejectment, and its history prior to the second trial, now involved, quite fully appears in the opinion filed upon a former appeal. 78 Minn. 281, 80 N. W. 1120. Upon remittitur, Mr. Hoerr, who strenuously and successfully insisted at that time that he ought not to be made a party defendant, changed his mind, and thereafter filed a complaint in intervention, asserting that he had long before succeeded to the interests of the (substituted) defendants in the property, alleging that he was the owner and entitled to possession, and demanding affirmative relief as to such ownership and right of possession. An answer and reply were interposed, and the issues thus made were brought on for trial before the court without a jury. When the case was called for trial, counsel for the intervenor orally objected to the same "on the ground that the plaintiffs have been guilty of gross laches in prosecuting the action." The objection was overruled, and the trial proceeded, resulting in findings of fact, twenty-eight in number, upon which were based conclusions of law, in effect that plaintiffs were the owners and entitled to possession, and that the intervenor had no right, title, or interest in the premises in dispute. From a judgment entered accordingly, the latter appealed.

1. We assume that the first assignment of error is sufficient to raise the question discussed by counsel as to the ruling whereby the objection above mentioned was disposed of, and we also assume that the objection or motion, as made, was sufficient to raise the point now urged; but there is no merit whatever in the contention of counsel for the intervenor. It was held upon the former appeal that Mr. Hoerr could not be compelled to take part as a defendant against his will, but, if he so chose, was entitled to have his claim to the property disposed of in an action brought against him, and in which he could litigate his rights independently of the then defendants, who had, as he alleged in his complaint, disposed of all of their interests to him. This determination left him wholly independent of the pending suit, and indifferent as to the result, and he could have remained so; but in spite of this, and with full knowledge of all of the facts, he volun-

tarily became a party, filed a complaint in intervention setting forth in detail his title, alleging that he was the owner of the land in dispute, entitled to possession, and demanding a trial upon the merits with affirmative relief. Filing the complaint and insisting upon being heard was a voluntary act upon his part, and it was precisely as if he had brought an action himself to determine plaintiffs' adverse claims to the land. If he had instituted such an action, he could not be heard to complain of laches on the part of his opponents, and he cannot in this proceeding, for the same reason.

A person cannot be allowed to make himself a party, on paper, to an action pending against others, for the purpose of objecting to a trial or moving to dismiss. If that were permissible, an intruder could easily control litigation of no real interest to him. Furthermore, the objection or motion was submitted orally, without any showing whatsoever upon which to found the claim that the plaintiffs could rightfully be accused of improper and unjustifiable delay in prosecuting their action. There were no specifications upon which to base the contention, and no opportunity was afforded plaintiffs to meet or rebut the assertion that they had been guilty of laches.

2. The second assignment of error is in the following language:

"The decision of the court herein is not justified by the evidence."

It is difficult to tell exactly what counsel had in mind when making this assignment, or what they were attempting to challenge as not justified. The findings of fact are not the "decision," but, if they were, we have twenty-eight in number, as before stated, several being fully warranted by the proofs, as counsel must admit. It was incumbent upon counsel to specify, distinguish, and point out those open to the claim that they were unsupported by the evidence, and a wholesale assignment of errors in respect to the findings is entirely inadequate. For this reason the alleged insufficiency of the evidence to sustain the findings of fact is not before us for review. Possibly counsel intended the conclusions of law, or the judgment, when using the word "decision"; but, if so, the assignment was also ineffectual, be-

cause insufficient. The conclusions of law were certainly justified by the findings of fact, and the judgment was in strict accordance with these conclusions. To attack one or more of the conclusions of law, or the judgment entered thereon, the assignment should have so specified.

But in conclusion we will say that, notwithstanding these defects in the second assignment of error, we have examined the evidence upon which these findings are predicated. It is amply sufficient to support every one of them, and we should be compelled to so hold if each was before us for review. The intervenor completely failed to identify or locate the tracts of land covered by his muniments of title, as part of the property described in the complaint.

Judgment affirmed.