C. W. GREENWOOD AND OTHERS v. ROY A. BURT AND OTHERS.[1]

March 6, 1925.

No. 24,472.

**Stranger to action must either intervene or become party to it.**
A stranger to an action can take no part therein, except to intervene or make an application to become a party thereto.

*Headnote. See Pleading, 31 Cyc. p. 513.

Action in the district court for Jackson county. From an order, Dean, J., appointing Henry Arp receiver, First National Bank of Estherville, Iowa, intervener, appealed. Affirmed.

*Leo J. Seifert* and *A. A. Herrick*, for appellant.

*E. H. Nicholas*, for respondents.

QUINN, J.

Action to foreclose a real estate mortgage, given upon 160 acres of land in Jackson county. Upon the return of an order to show cause, duly issued and served upon the defendants named in the summons and complaint, the court made an order appointing a receiver to collect the rents arising from the land and to apply the same in payment of the taxes then due, and also to pay the interest

[1]Reported in 202 N. W. 489.

due on a first mortgage of $4,000 and to bring the balance, so derived, into court to abide the further order of the court in the premises. From said order appointing such receiver, this appeal was taken.

At the time of the commencement of this action the only persons appearing of record, who had any title to the land or any interest in the foreclosure proceeding, were the defendants, Roy A. Burt and his wife, and Frank M. Jones and his wife, named as defendants in the summons and complaint. At that time there was a first mortgage of $4,000 upon the premises upon which there was interest in the sum of $200 past due, taxes past due in the sum of $627.28, and the sum of $17,970.60 past due upon the mortgage to foreclose which this action was instituted, in all the sum of approximately $23,000.

Subsequent to the commencement of this action, plaintiffs procured an order requiring the defendants to show cause, if any there was, on July 31, 1924, why a receiver should not be appointed to collect and receive the rents and proceeds of the premises. The First National Bank of Estherville, Iowa, appeared by counsel and claimed to have title to a portion of the crops grown upon said premises during the season of 1924. On August 11, the court filed an order appointing a receiver to collect the rents and apply them in the manner above stated. On August 15, 1924, the bank served a complaint in intervention, voluntarily appeared in the action, submitted to the jurisdiction of the court, and asked for a determination to the title of the crops in question, claiming to be the owner by reason of an assignment to it by the defendants, Burt and Jones. In answer to the complaint in intervention, plaintiff alleged that, at the time of the commencement of this action, the bank held an unrecorded deed from the defendants to the land, and prior to that time informed the plaintiff, C. W. Greenwood, that it held a deed to said land; that it had assumed and agreed to pay the taxes, mortgages and interest thereon, but that it was unable to do so at once, and requested plaintiffs to refrain from commencing foreclosure for the period of a week during which time they would try to procure the money with which to pay the same; that during such week the bank procured an assignment of the crops from the

defendants; that the same was procured without consideration and was fraudulent and void. In its reply the intervener admits that it so held a deed to the premises.

It is manifest that, at the time of the making and filing of the order appointing a receiver, appellants had no standing in court. They were, at that time, so far as appears from the record, entire strangers to the proceeding and could not take any part in the proceeding except to intervene or to make an application to become a party thereto. Hunt v. O'Leary, 78 Minn. 281, 80 N. W. 1120. However, appellant has become a party to the action by intervention, issues have been joined, but the case has not been tried upon its merits. The order appointing the receiver should be modified so that he be required to hold the proceeds of the rent and profits until the further order of the court instead of applying them at once to the payment of taxes and interest upon the first mortgage. As so modified, the order appealed from should stand.

Affirmed.