STATE v. RUTH STERLING AND ANOTHER.[1]

November 25, 1927.

No. 26,121.

**Appeal and error—record—reversal.**
1. *Held*: (1) Duty of appellant to cause a proper return to be made in accordance with court rules 3 and 8. (2) Printed record which contains nothing to show the charge against the defendants or the disposition thereof by the trial court insufficient to warrant reversal. [Reporter]

**Criminal law—disorderly house.**
2. *Held*: Evidence was sufficient to sustain finding that place was conducted as a disorderly house within meaning of the city ordinance. [Reporter]

Criminal Law, 17 C. J. p. 111 n. 7, 16; p. 114 n. 76; p. 121 n. 80; p. 179 n. 2.
Disorderly Houses, 18 C. J. p. 1271 n. 12; p. 1272 n. 20.

Defendants appealed from an order of the municipal court of Minneapolis, C. L. Smith, J. denying their motion for a new trial. The record fails to show either the charge or the disposition made thereof. Affirmed.

*H. Z. Mendow,* for appellants.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

PER CURIAM.

This is an appeal from an order of the municipal court of the city of Minneapolis denying a motion for a new trial. The return made to this court consists only of the printed record. This record contains no complaint, no findings or verdict and no judgment. It contains nothing to show the charge made against the defendants or the disposition thereof made by the court. It is the duty of the appellant to cause a proper return to be made; and the rules require that the pleadings, the findings or verdict, and the order or judgment appealed from shall be included in the printed record. Rules 3 and 8. The record, however, does contain the evidence condensed to a narrative form.

[1] Reported in 216 N. W. 533.

In their brief the defendants state that they "were convicted of being the keepers of a disorderly house in the city of Minneapolis, contrary to the city ordinance." They invoke the rule that single or isolated disorderly or immoral acts on the premises are not sufficient to constitute the place a disorderly house within the meaning of the penal laws, and urge that under that rule the evidence is not sufficient to sustain the conviction. This is the only ground for reversal urged.

The action of the lower court cannot be reversed on such an incomplete record. Furthermore the evidence is sufficient to sustain a finding that the place was conducted as a disorderly house within the meaning of the ordinance.

Order affirmed.