# G. O. BURO v. LEE MORSE AND ANOTHER.[1]

June 12, 1931.

No. 28,443.

[1]Reported in 237 N. W. 186.

*P. E. Sargent,* for appellant.
*D. C. Sheldon,* for respondent.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial.

Plaintiff brought this action against Lee Morse and Nettie Morse, the mother of Lee Morse, as defendants, alleging that at the instance and request of defendants he sold and delivered to them goods, wares, and merchandise of the agreed value of $424.71, for which defendants and each of them agreed to pay that sum, and that no part thereof had been paid. Defendant Nettie Morse interposed no answer, and judgment was entered against her for the amount claimed, interest, and costs. Lee Morse, hereinafter referred to as defendant, answered, denying all allegations of the complaint as to him and denying any knowledge or information as to plaintiff's dealings with Nettie Morse. The action was tried to the court without a jury, and decision was rendered in favor of defendant Lee Morse.

The goods purchased were ordinary groceries. Plaintiff testified that defendant Nettie Morse and one Mina Morse, the wife of Lee Morse, during the period from March 14 to September 27, 1928, came to his place of business on a number of occasions and there purchased the groceries; that they always came together and that he sold and delivered the groceries to them; that they came in an automobile and took the groceries with them in the car. There are some facts and circumstances disclosed tending to show that a part or all of the groceries went into the home of and were used by Lee Morse and his wife. The evidence for defendant, given by himself, his wife Mina, and his mother, Nettie Morse, is to the effect that

all the groceries were purchased by and for Nettie Morse and used by her. Nettie Morse owned a dwelling house. Lee Morse and his wife lived in the first story and Nettie Morse in the second story thereof. Lee Morse, his wife, Mina Morse, and his mother, Nettie Morse, each testified that Nettie Morse lived separate and apart from Lee Morse and his wife; that she did her own housekeeping and cooking in the second story of the house; that she entertained a number of visitors there for more or less extended periods during the time in question and used the groceries for herself and her visitors; that none of the groceries were purchased for or received or used by Lee Morse or his wife. Significant conceded facts are that Lee Morse was not present at any time when any of the groceries were purchased, had no part in the purchase thereof, and carried no account with the plaintiff; that the plaintiff charged the goods, in his accounts, to Nettie Morse alone; that he rendered statements of the account to her; and that he never communicated with Lee Morse in reference to the account and never asked him for any payment thereon.

We have referred to as much of the evidence as is necessary to show that the decision of the court is sustained by sufficient evidence. There are other facts and circumstances shown which may have a tendency to impair the credibility of witnesses for defendant and to detract from their testimony, but their credibility and the weight of their testimony were for the trial court. Mina Morse explained her presence at the time the goods were bought by testifying that it was customary for her to take her mother-in-law in the car whenever she wanted to go somewhere, shopping or otherwise. Apparently the mother did not have or drive a car of her own.

■ On cross-examination of Nettie Morse, when called as a witness for defendant after plaintiff had rested, plaintiff brought out that in testifying in some action, not in relation to these groceries, in February, 1929, she had stated that under some agreement or arrangement with her son, Lee Morse, he was not paying any rent for living in her house but was furnishing the living for her and that she did not know what the groceries cost. She testified in

the present case that this related to a time when they were all living temporarily in the garage and subsequent to the time she purchased the groceries here in question. Whatever force this evidence may have in the way of impeachment, it is apparent that it related to an issue or agreement not pleaded and not presented or litigated as a part of plaintiff's case. Plaintiff was not in a position to inject that issue in the case on cross-examination of a witness for defendant except for the purpose of impeachment.

■ Errors are assigned upon the refusal of the court to strike out its findings of fact and conclusions of law and substitute findings and conclusions in plaintiff's favor. Under the evidence here the findings of fact are sustained by the evidence and fairly sustain the conclusions of law, and the court was not obliged to strike out these findings and conclusions or to substitute others.

■ It is argued that the findings of fact are insufficient in that they fail expressly to find that Lee Morse did not authorize or become liable for the purchase of these goods. Such a finding might have been made, but the finding that the goods were sold to and purchased by Nettie Morse, followed by the conclusion that plaintiff was not entitled to any recovery against Lee Morse, is sufficient. On the motion for a new trial plaintiff asked the court to make findings to the effect that these goods were sold to Lee Morse through his wife, acting as his agent, and that the goods were for the use and used in the household of Lee Morse. The court refused to so find. It is clear on this record that the decision of the court was that Lee Morse had not purchased or authorized the purchase of the goods and had not received or used them in his household. The single issue here was whether Lee Morse was liable for these goods; and, as held in the Waggner case, 172 Minn. 217, 214 N. W. 892, to remand the case for additional findings would cause useless delay and expense. Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791; Wood v. Wood, 137 Minn. 252, 163 N. W. 297. A refusal to find in favor of a party on motion for amendment of the findings is equivalent to a finding negativing the facts requested to be found. In re Estate of Malchow, 143 Minn. 53, 172 N. W. 915;

Seitz v. Union B. & M. Mfg. Co. 152 Minn. 460, 189 N. W. 586, 27 A. L. R. 293.

■ One ground of the motion for a new trial was newly discovered evidence. It is sufficient to say as to that question that the granting or denial of such a motion rests largely in the discretion of the trial court; that the motion on that ground was here heard on sharply conflicting affidavits, and we find no sufficient showing of abuse of discretion.

■ Among the goods purchased were some small items of tobacco. Lee Morse testified that each time tobacco was purchased he gave his mother the money to buy it for him and that she had no authority to have the tobacco charged or to buy it on credit. He is corroborated by the testimony of the mother.

Other assignments of error not hereinbefore specifically referred to have been examined and are found not to require further discussion.

Order affirmed.

