# NATIONAL SURETY COMPANY v. A. S. WITTICH AND ANOTHER.[1]

April 29, 1932.

No. 28,870.

[1]Reported in 242 N. W. 545.

94

*Courtney & Courtney*, for appellant.
*O'Brien, Horn & Stringer* and *McNeil V. Seymour*, for respondent.

WILSON, C. J.

Plaintiff appealed from the judgment. The case has been here before, 184 Minn. 44, 237 N. W. 690. Thereafter plaintiff's motion for amended and additional findings was denied. This was followed by a motion for a new trial, which was also denied. No further testimony was received. Judgment was entered and the appeal taken. Reference is made to the former opinion for full statement of the facts.

Plaintiff now contends that the evidence establishes the fact that the conveyance left Wittich insolvent and without sufficient property to pay his then existing debts and that plaintiff was entitled to an amended finding to this effect as sought by its motion or to a new trial. Plaintiff also contends that the evidence establishes that the conveyance was made with the intent to defraud and that plaintiff was entitled to an amendment striking out the court's finding of good faith and a substitution therefor of a finding of fraudulent intent. It is urged that the denial of appellant's motion to find insolvency constituted a refusal to find on a material issue.

After an examination of the record we are of the opinion that the finding of good faith is supported by the evidence, and the court did not err in refusing to amend the findings or in denying the motion for a new trial.

■ In the former opinion reference is made to the property which Wittich still owned, after the transfer, and the value thereof as disclosed by the record. Any indebtedness which Wittich then owed the government was not only unknown to Wittich but unknown to the government and unknown to plaintiff. Any financial obligation then existing because of Wittich's responsibility toward an unborn illegitimate child or its mother was indefinite and uncertain. His obligation to the child was no more than the ordinary obligation of any father to his legitimate child. It is sufficient to say here that the evidence did not require a finding that the transfer rendered Wittich insolvent. The court would have great difficulty in attempting to specify a definite amount of existing indebtedness that was then in excess of the assets owned by Wittich.

■ The court is not required to make an additional specific finding which is in conflict with those already made. Having found that the transfer was made in good faith, the court should not be expected nor required to make a specific finding on the issue of insolvency. Kent v. Costin, 130 Minn. 450, 153 N. W. 874.

■ The finding of good faith, coupled with the refusal to find insolvency, is the equivalent of a finding that Wittich was solvent. Seitz v. Union B. & M. Mfg. Co. 152 Minn. 460, 189 N. W. 586, 27 A. L. R. 293; 6 Dunnell, Minn. Dig. (2 ed.) § 9866; In re Estate of Malchow, 143 Minn. 53, 172 N. W. 915; Buro v. Morse, 183 Minn. 518, 237 N. W. 186.

■ Where a judgment is reversed solely upon the ground that it is not the one which should have been rendered upon the verdict or findings of fact, and the order of reversal does not contain any direction as to whether the trial court shall grant a new trial or enter judgment, the court below is at liberty to proceed in any way not inconsistent with the opinion of this court, and may, upon application, in its discretion grant a new trial or enter judgment. National Inv. Co. v. National S. L. & B. Assn. 51 Minn. 198, 53 N. W. 546; Kurtz v. St. P. & D. R. Co. 65 Minn. 60, 67 N. W. 808; National Elev. Co. v. G. N. Ry. Co. 140 Minn. 382, 168 N. W. 134.

Affirmed.