LENA SJOBERG v. L. B. HARTZ AND ANOTHER.[1]

No. 31,079.

January 22, 1937.

*Paul A. Lundgren* and *Lincoln Arnold,* for appellant.
*H. O. Chommie,* for respondents.

LORING, JUSTICE.

This was a suit to recover $2,145 rent alleged to have accrued under a lease of a store building in the village of Middle River. The

[1]Reported in 271 N. W. 329.

trial court made findings in favor of defendants, and the case comes here on appeal by plaintiff from the judgment.

December 15, 1926, Richard Sjoberg and the administrator of the Jonas Sjoberg estate leased the building in question to the defendant L. B. Hartz for the purpose of carrying on a general retail store business for a period of five years from January 2, 1927, at an agreed rental of $50 per month for the first year and $65 per month thereafter. The property was evidently part of the Jonas Sjoberg estate and Richard one of the heirs. The lease contained a clause permitting a reëntry for failure to fulfill any of its covenants without such reëntry working a forfeiture of the rent for the full term of the lease. January 10, 1928, the L. B. Hartz Stores, Incorporated, was organized as a Minnesota corporation and took over all the assets and liabilities of L. B. Hartz. February 20, 1929, Marshall county attached the rent to apply on the taxes then delinquent upon the premises for the years 1924 to 1928, inclusive. The condition of the premises by that time had deteriorated to a point where the defendant company could no longer obtain fire insurance on its stock of goods. This insurance was cancelled in March, 1929, and thereafter the company was unable to obtain insurance on its stock. The court found that this was because of the uninsurability of the building and its contents. The court further found that by reason of such inability to obtain insurance it became impracticable for the defendant company to carry on its business in the building and that it became necessary for it to remove the stock of merchandise therefrom. March 11, 1929, after receiving notice of the cancellation of the insurance, Hartz wrote the administrator of the Sjoberg estate advising him that he had received notice of the cancellation of the insurance and that in consequence he could not continue doing business in Middle River and was commencing at once to close out his stock and fixtures. He also advised the administrator that the company would relinquish possession of the building on or before April 30, 1929. The letter was signed by both the corporation and by Hartz. The letter also advised the administrator that it was not practicable for him to carry

on the business without insurance because the creditors, as well as the owner of the stock, must be protected.

Apparently the administrator did not answer this letter, but in a conversation with the manager of the store he stated that he "couldn't expect a man to operate in business without insurance." Upon completion of the sale and the vacation of the building prior to April 30, the keys were left at a restaurant with instructions to deliver them either to the administrator or to Richard Sjoberg, and they were received by them. During the following summer the building was frequently rented by the Sjobergs for dances, church bazaars, and like affairs. The storeroom was rearranged and a space for an orchestra built into the building. The court found that this renting for various purposes by the Sjobergs and the county of Marshall was on their own account and not on account of the defendants and that the alterations were made for their own use and benefit. The court also found that on April 30, 1929, the defendants surrendered and yielded up to the lessors their estate, right, title, and interest in and to said premises under said lease and that the lessors then accepted such surrender and consented to and acquiesced in the termination of the lease, which then became extinct by mutual agreement.

It appears that in the administration of the Jonas Sjoberg estate any rights which the estate might have had in this lease were distributed to the widow, Albertina Sjoberg, who in turn died, and, her estate being administered, these rights were sold to the plaintiff for the sum of 25 cents. The plaintiff then demanded the rent, and this suit followed.

2 Mason Minn. St. 1927, § 8459, provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, * * * shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, * * *."

Plaintiff contends that there was no evidence from which the court was justified in finding that the landlord took possession of the premises with intent to accept surrender of the lease and that con-

sequently there could not be a termination of the leasehold estate by operation of law. We think that the court was justified in so finding. The premises had become unfit for the purposes for which they were leased. As a practical matter it was not possible for the defendant company to continue operating the store without insurance. Both defendants so advised the administrator of the Sjoberg estate. The administrator fully realized that the store could not continue without insurance and so stated to the manager. The defendants then advertised the closing out sale and took all steps necessary to rid themselves of the stock and vacate the building and terminate the business in Middle River. The evidence justified the court in believing that no demand was ever made upon either of the defendants for rent until October, 1932, after the plaintiff had acquired the claim for an investment of 25 cents. Immediately after the surrender of the premises the plaintiff's predecessor in interest took possession and made alterations which the court was well justified in finding were for their own use and benefit and proceeded to rent the premises for their own benefit whenever opportunity offered. Quite obviously this created a condition of affairs wholly inconsistent with the continued operation of the lease, and we think it was quite clear that the tenant intended to surrender and the landlords intended to accept the surrender of the lease as distinguished from the mere physical possession of the property and that there was present sufficient of the elements of estoppel to constitute a surrender by operation of law. There was no pretense whatever that the landlord was renting the premises for the use or benefit of the defendant. Stern v. Thayer, 56 Minn. 93, 57 N. W. 329; Rees v. Lowy, 57 Minn. 381, 59 N. W. 310; Buckingham Apartment House Co. v. Dafoe, 78 Minn. 268, 80 N. W. 974; Lafferty v. Hawes, 63 Minn. 13, 65 N. W. 87.

We have carefully examined the cases cited by the appellant and find nothing in them which impels us to reverse the trial court.

The judgment is affirmed.

### UPON APPLICATION FOR REARGUMENT.

On February 19, 1937, the following opinion was filed:

Per Curiam.

In her petition for rehearing plaintiff asserts that her principal contention is that after the termination of the leasehold estate by the surrender of the premises by the defendants to her predecessors in interest the deficiency rule of liability imposed by the reëntry clause contained in the lease became effective, and that there was no finding by the trial court of intent on the part of the administrator to release the defendants from their liability under the reëntry clause of the contract. She places her dependence upon the case of Newberg v. Conley, 190 Minn. 459, 252 N. W. 221. The plaintiff moved the trial court for a finding that there was no intent upon the part of the landlord to release the defendants from their liabilities to pay rent under the reëntry clause. The denial of this motion was equivalent to a contrary finding, Buro v. Morse, 183 Minn. 518, 237 N. W. 186; In re Estate of Malchow, 143 Minn. 53, 172 N. W. 915; and therefore we have a situation directly opposite to that in the Newberg case, where, upon competent evidence, the jury found that it was not the landlord's intent to waive his rights under the reëntry clause. In the case at bar the reëntry clause provided for nonforfeiture of rent in case of reëntry for breach of covenant on the part of the lessee. No provision was contained in the lease for the continuance of liability in the case of a surrender, which, being accepted, relieves the tenant of his contract obligations under the leasing contract.

The petition for rehearing is denied.

Mr. Justice Stone took no part in the consideration or decision of this case.

Mr. Justice Peterson, not having been a member of the court when the case was argued and submitted, took no part in its consideration or decision.