H. E. BLODGETT v. JOHN M. HOLLO AND OTHERS.[1]

May 9, 1941.

No. 32,791.

[1]Reported in 298 N. W. 249.

*Charles L. DeReu,* for appellant.
*Hall, Catlin & Gold,* for respondents.

LORING, JUSTICE.

This was a suit to set aside a conveyance as fraudulent as to creditors, and it comes here on appeal by plaintiff from an order denying his alternative motion for amended findings of fact and conclusions of law or for a new trial. We review only the motion for new trial.

March 29, 1930, defendants John M. Hollo and Lizzie Hollo, his wife, gave their promissory note for $2,000 to Mathilda Blodgett, Mrs. Hollo's sister. December 18, 1930, defendants John and Lizzie Hollo were indebted to Louise Mathews and Myrtle Hollo, their daughters, for over $20,000, and by the deed here in question conveyed to them a section of land, part of which was their homestead. The trial court found that the section at that time was reasonably worth $42,000 and was subject to a first mortgage of $33,000. Plaintiff claims that the consideration for the conveyance included an assumption and agreement by the grantees to pay the indebtedness owing Mathilda Blodgett. It was agreed that the grantors were to have the use and proceeds of this land as long as they lived and a living therefrom after the payment of taxes and interest on the mortgage. At the time of this conveyance John and Lizzie Hollo owned approximately 1,000 acres of other real estate, which was also encumbered but in which, as the

evidence tended to show, there was a substantial equity. In the years 1931 and 1932 the Hollos suffered from hailstorms, poor crops, and from the depression in the prices of farm products. In 1932, or thereabouts, this land was sold on foreclosure sales. After they lost their land the Hollos also sold all their personal property and applied the proceeds to outstanding debts. In 1933 Mathilda Blodgett died, and plaintiff, her son and sole heir, became the owner and holder of the note given her by John and Lizzie. In 1934 the note was renewed to plaintiff, and later, in 1937 and 1938, when John and Lizzie refused further to renew the note and after Louise Mathews began to pay the taxes in her own name and to receive the government checks, plaintiff demanded payment of the note. Upon their refusal to pay it, he brought the present action on the theory of a conspiracy by defendants to defraud, hinder, and delay the creditors of John and Lizzie by the transfer of their property to their daughters so as to make judgments against them uncollectible. Plaintiff admitted on the oral argument that he did not know whether the transfer was intended to defraud him but asserted that it was made for the purpose of avoiding the payment of possible deficiency judgments.

■ Plaintiff also contended that as part of the consideration for the conveyance of the land here involved Louise and Myrtle assumed and agreed to pay the obligation to plaintiff's mother. The evidence is overwhelmingly to the contrary, and the court denied the plaintiff's motion that it should make a finding to that effect. This denial was equivalent to a finding to the contrary and leaves the case as if the court had found that there was no such agreement at the time the conveyance was made. In re Estate of Malchow, 143 Minn. 53, 60, 172 N. W. 915; Seitz v. Union B. & M. Mfg. Co. 152 Minn. 460, 468, 189 N. W. 586, 27 A. L. R. 293; Buro v. Morse, 183 Minn. 518, 237 N. W. 186; National Surety Co. v. Wittich, 186 Minn. 93, 242 N. W. 545; Sheffield v. Clifford, 186 Minn. 300, 243 N. W. 129; Smith v. Benefit Assn. of Ry. Employees, 187 Minn. 202, 244 N. W. 817; Lafayette Club v. Roberts, 196

Minn. 605, 265 N. W. 802; Sjoberg v. Hartz, 199 Minn. 81, 85, 271 N. W. 329.

■ There is no credible evidence which would sustain a finding that the conveyance was made for the purpose of defrauding creditors. Plaintiff testified to statements by Louise and her mother made long after the transaction, but denied by them, to the effect that the transfer was made to avoid the payment of deficiency judgments. The evidence, however, is that there were no deficiency judgments at the time of the transfer, that the interest was paid up on the loans, that the grantors had a substantial equity in the land which they owned, and that after they borrowed the $20,000 from Louise they paid up their debts other than mortgages and were in fairly good financial condition. The debt to Louise and Myrtle far exceeded the value of the grantors' equity in the land conveyed. There is also incontrovertible proof that the plaintiff's mother knew of the transaction at the time the conveyance was made and made no complaint about it. Had the trial court made a finding that the conveyance was made to defraud creditors it would have been difficult if not impossible to sustain such a finding.

■ The plaintiff was allowed to amend his complaint to allege that Louise and Myrtle agreed to guarantee the payment of the indebtedness to the plaintiff but was unable to substantiate the allegation by evidence other than a statement by them that they intended to pay the principal of the indebtedness after their parents' deaths and the sale of the farm. There was no evidence that they assumed this debt to their aunt at the time they took the conveyance, and there was no evidence that they ever agreed in writing subsequently to pay this debt, and the statute of frauds was invoked by the defendants.

■ On his motion for a new trial the plaintiff again sought to amend his complaint to allege that the conveyance was a mortgage to secure the indebtedness of the parents to Louise and Myrtle. The trial court denied the application, and we hold that the denial was proper and within the court's discretion. On the evidence it

would have been an abuse of discretion to allow the amendment. The order appealed from is affirmed.