## GLAYDES E. MARTENS v. HENRY C. MARTENS.[1]

December 12, 1941.

No. 32,918.

[1]Reported in 1 N. W. (2d) 356.

*Doherty, Rumble, Butler, Sullivan & Mitchell,* for appellant.
*Fred N. Peterson,* for respondent.

JULIUS J. OLSON, JUSTICE.

The parties to this suit were married in 1919 and divorced April 22, 1935. By the terms of the decree, defendant was required to pay plaintiff $75 per month as alimony and also reasonable rent for her living quarters. In November 1940 defendant moved for amendment of the decree so as to terminate, or at least to lessen, the alimony and rent provisions, on the grounds that his earnings had decreased and his financial burdens had become more onerous than when the decree was entered, his father having died and left his mother, then 66 years old, in need of his help to maintain her. However, his main ground for relief is that his former wife had been guilty of misconduct in her associations with one Allen. As to this affair, the court found that "Allen [on October 26, 1940]

may or may not have occupied, throughout the night, the apartment of plaintiff." Defendant moved to strike this finding and to insert in lieu thereof a finding that at the time mentioned Allen had been "observed in said apartment until approximately 2:30 o'clock A. M. on the morning of October 27 at which time all lights in the apartment were extinguished; that said Allen was next observed coming out of said apartment about 9:30 A. M. on the morning of October 27, dressed in a manner different from that when he entered said apartment the night before." The court denied the motion to amend and refused to grant any reduction in alimony payments. To review this order, defendant has appealed.

■ In some instances we have reversed where the court has refused to make specific findings upon matters in issue tried to the court. The statute, Mason St. 1927, § 9311, "requires a decision, after trial without a jury, establishing and classifying the controlling facts and law of the case. The decision should be self-explanatory, self-sustaining, and complete. [Citing cases.] As to the facts, nothing should be left to implication." Mienes v. Lucker Sales Co. 188 Minn. 162, 166, 246 N. W. 667, 668.

■ But where a motion for an amended finding is made requiring an affirmative upon the issue thus made, a denial thereof is equivalent to a finding contrary to the request. "The defendant, making the motion for a finding and meeting a denial, cannot say that the court did not pass upon the fact." Smith v. Benefit Assn. of Ry. Employees, 187 Minn. 202, 208, 244 N. W. 817, 819, and cases there cited. And where, as here, it appears that all issues have been decided, we are not required to reverse simply because the decision below might well have gone into more detail. It is obvious that all fact issues have been determined. Defendant's contentions are negatived by the decision below. Therefore, there should be no reversal on the ground mentioned. See National Surety Co. v. Wittich, 186 Minn. 93, 95, 242 N. W. 545.

■ The next question is whether there is evidence to sustain such negative finding. Of course, the burden of determining what

the facts are rests upon the trial court. Williams v. National Contracting Co. 160 Minn. 293, 300, 199 N. W. 919; Minnesota Power & Light Co. v. State, 177 Minn. 343, 351, 225 N. W. 164. We have examined the record with care and find no difficulty in sustaining the trial court in this respect. 1 Dunnell, Dig. & Supp. § 411. We think the appeal presents only a fact issue. Litigants and their counsel should bear in mind that "their zeal must not overrule their judgment. This court cannot help an appellant on a question of fact where the evidence permits a finding either way." Hackett v. Palon, 169 Minn. 218, 219, 210 N. W. 996, 997.

■ We have held heretofore that a wife's misconduct subsequent to the granting of a decree is a proper element to be considered upon a motion for reduction or termination of alimony payments. Lindbloom v. Lindbloom, 180 Minn. 33, 230 N. W. 117; Wilhelm v. Wilhelm, 201 Minn. 462, 467, 276 N. W. 804.

■ There being no misconduct shown, we have left only the question whether there has been such a substantial change in defendant's earnings as to require a change in the terms of the original decree. Haskell v. Haskell, 116 Minn. 10, 13, 132 N. W. 1129. We said in Vassar v. Vassar, 204 Minn. 326, 329, 283 N. W. 483, 484: "To warrant a modification of the alimony fixed by a divorce decree there must be proof of such a substantial change in the situation of the parties from that in which they were when the decree was rendered as to justify a modification." Cf. Quist v. Quist, 207 Minn. 257, 290 N. W. 561. On this phase we think the evidence fully justified the findings below. True, at the time of the granting of the decree defendant's income was $6,250. Since then it has been reduced to a little less than $5,000. The alimony payment together with the cost to defendant of plaintiff's living quarters is $112.50 per month. His financial burdens are greater, to be sure, since he now contributes to his mother something like $450 per annum. He also has assumed the burdens of supporting a new wife and has built an expensive home, which necessarily costs more to maintain. But, in view of Mason St. 1927,

§ 8602, and cases cited thereunder, we believe that the burdens cast upon defendant by the original decree, and voluntarily assumed by him, are not such as to require a reversal. At the time of hearing the motion here for review plaintiff was 50 years of age, defendant only 43. Her earning capacity is virtually nil. His earnings have ranged from $4,500 to more than $6,000 per annum. He also is possessed of a beautiful and costly home, encumbered, to be sure, but nevertheless he has an equity in it of substantial worth. In addition, he and his mother own a dwelling house as joint tenants bringing a monthly income of $27.50 for the downstairs portion. *Cf.* Ellenstein v. Ellenstein, 210 Minn. 265, 297 N. W. 848.

Order affirmed.

[1]Reported in 1 N. W. (2d) 373.