MARY BELLUCI v. JOSEPH MARRA AND ANOTHER.[1]

March 31, 1944.

No. 33,609.

M. H. *Greenberg* and Louis *Sachs,* for appellants.
James P. *Crea* and M. J. *Mulvahill,* for respondent.

PER CURIAM.

Plaintiff brought this action for specific performance and other relief under an alleged agreement with one James Marra, now deceased, to convey certain properties to her by will as compensation for services rendered by plaintiff in the deceased's business during his lifetime. The deceased executed a will but designated as beneficiaries the defendants, his niece and nephew, rather than the plaintiff.

After trial, the court made findings of fact and conclusions of law that plaintiff had in fact rendered the services pursuant to a mutual understanding with James Marra that upon his death she would inherit his property as payment therefor; that, since plaintiff's services were of such a character as to permit of compensation in

[1]Reported in 13 N. W. (2d) 773.

money, the relief of specific performance of the contract was denied, and judgment for $9,000 was awarded plaintiff.

Defendants moved in the alternative for amended findings of fact and conclusions of law or a new trial. The motion was denied, and defendants appeal from the order denying a new trial. The motion for a new trial does not contain any statutory ground therefor as prescribed by Minn. St. 1941, § 547.01 (Mason St. 1940 Supp. § 9325). After specifying the suggested substituted findings of fact and conclusions of law, defendants' notice of motion for a new trial was made "upon the grounds heretofore mentioned." One must indulge in speculation to determine what is meant by "upon the grounds heretofore mentioned." At any rate, such an assignment in the notice of motion for new trial was not a compliance with the statute. The order denying the new trial, therefore, cannot be disturbed. In re Estate of Williams, 217 Minn. 634, 13 N. W. (2d) 736; Julius v. Lenz, 212 Minn. 201, 3 N. W. (2d) 10; Hoyt v. Kittson County State Bank, 180 Minn. 93, 230 N. W. 269.

Affirmed.