# GEORGE KIEBACH AND ANOTHER v. AMANDA KIEBACH AND ANOTHER.[1]

December 31, 1948.

No. 34,786.

---

[1]Reported in 35 N. W. (2d) 530.

*L. P. Johnson,* for appellants.
*Frank F. Michael,* for respondents.

LORING, CHIEF JUSTICE.

This was a suit to foreclose a vendor's lien on a farm in Rock county, Minnesota. Plaintiffs prevailed in the trial court. Defendants moved for amended findings or in the alternative for a new trial. Both motions were denied and judgment entered. Defendants come here on what purports to be an appeal from the order denying a new trial and from the judgment.

In 1922, Ernest Kiebach, a well-to-do farmer, the owner of four farms in southwestern Minnesota, as well as considerable other property, sought to arrange his estate so that in its final distribution his seven children should share equally. He had three sons and four daughters. Since the farms varied in size and value, he executed and delivered to each of his sons and to a son-in-law a contract for deed which provided for lump sum payments to his estate six months after the death of both himself and his wife and for annual payments prior thereto. Fred was to make an annual payment of $1,000 a year while his father and mother were both living and $500 a year during the lifetime of the survivor of them. He was to pay a lump sum of $27,200 six months after the death of the survivor of his parents. The lump sums to be paid by the other vendees varied, presumably according to the value of the farms contracted to be conveyed. According to the will executed at the same time, the proceeds of all these farms and all Ernest's other property were, upon distribution of his estate, to be given, one-seventh to each child. In 1936, for some. reason not clearly explained, Ernest and his wife executed and delivered warranty deeds to the vendees in all four contracts without mentioning or collecting the purchase

price. The deed to Fred recited a consideration of $10,000, but there is no contention that that sum or any other was actually paid. At the same time, a $10,000 mortgage from Fred and his wife to Ernest was executed and delivered. This mortgage was renewed in 1941. All vendees kept the contracts for deed, and some paid the annual installments after the receipt of the deeds, but Fred made no payments subsequent to 1936.

Ernest died in 1945, his wife having predeceased him. Probate proceedings were initiated, and an inventory was made, listing all the contracts as assets and also the $10,000 mortgage from Fred. Fred protested that he did not owe both the $27,200 and the $10,000 mortgage. Numerous conferences resulted in a compromise, executed by Fred and his wife, with the executors of the estate and with George and Ernest (the son), which recited that Fred and his wife executed the $10,000 note and mortgage—

"* * * for no consideration whatsoever and he, in truth and in fact, received no value for said note and mortgage.

"Now Therefore, in consideration of one dollar paid by each to the other, to promote and sustain family harmony, friendship and kind feeling each toward the other, to avoid otherwise contemplated disputes and possible litigation, it is agreed by all the undersigned that said $10,000.00 note and mortgage signed by Fred Kiebach and wife shall be entirely eliminated as an asset of this estate and there shall be no liability thereon by said Fred Kiebach or his wife, and he and his wife do hereby waive any and all claims on account of interest paid thereon heretofore.

"It is further agreed, that said four contracts above mentioned shall be considered to be and remain valid assets of said estate for the amounts set opposite * * *" his name (in Fred's case, $27,200).

This compromise was subsequently approved after a hearing in the probate court, at which, as during the conferences, Fred and Amanda were represented by counsel.

When this suit was brought, Amanda, the surviving widow of Fred, appeared and answered, setting up various defenses and ask-

ing that plaintiffs take nothing by the suit. The case was tried, and the court made 15 findings of fact in favor of plaintiffs. One finding was that the compromise was immediately accepted and fully approved by the other beneficiaries and heirs-at-law of the Ernest Kiebach estate. All findings were against the defenses set up by the answer. Defendants moved for amended findings or, in the alternative, for a new trial. Both motions were denied, and defendants come here on what purports to be an appeal from the order denying a new trial and from the judgment subsequently entered on the findings, although the judgment is not printed in the record as required by our rules,[2] nor is it incorporated by reference.

■ The motion for new trial reads as follows:

"You Will Please Further Take Notice that if said motion is denied the defendants at the same time and place will move the court to set aside and vacate all of said findings of fact and conclusions of law and grant to the defendants a new trial to said cause."

No ground was stated as a basis for the motion.

It is well settled in this state that where no ground is stated in the motion for new trial no question is presented by the motion, and the order denying the motion must be affirmed. Spencer v. Stanley, 74 Minn. 35, 76 N. W. 953; Pink v. Metropolitan Milk Co. 129 Minn. 353, 152 N. W. 725; Hoyt v. Kittson County State Bank, 180 Minn. 93, 230 N. W. 269; Julius v. Lenz, 212 Minn. 201, 3 N. W. (2d) 10; Belluci v. Marra, 217 Minn. 99, 13 N. W. (2d) 773; Radabaugh v. Just, 225 Minn. 187, 30 N. W. (2d) 534; In re Estate of Williams, 217 Minn. 634, 13 N. W. (2d) 736. The principle is too well established in this state to permit a departure therefrom at this late date.

■ Plaintiffs challenge the sufficiency of the assignments of error to raise any question other than the sufficiency of the facts found to sustain the conclusions of law. The assignments of error are as follows:

---

[2]Rule VIII(2), 222 Minn. xxxii; cf. State v. McBride, 215 Minn. 123, 9 N. W. (2d) 416; State v. Sterling, 173 Minn. 610, 216 N. W. 533.

"1. That the court erred in denying defendants' motion for a jury trial.

"2. That the findings of fact are not sustained by the evidence and contrary to law.

"3. That the conclusions of law are not justified by the fact found and are contrary to law.

"4. That the findings of fact and conclusions of law are not justified by the evidence and are contrary to law.

"5. That the judgment entered herein is not justified by the evidence and is contrary to law."

The first assignment is not argued in the brief, except by mere repetition of the words of the assignment. Therefore, it is deemed to be abandoned.

■ The second assignment is wholly insufficient to challenge any specific finding of fact. It is not in compliance with our Rule VIII(3) (e), 222 Minn. xxxiii. Mahler v. Merchants Nat. Bank, 65 Minn. 37, 67 N. W. 655; Smith v. Kipp, 49 Minn. 119, 51 N. W. 656. Cf. Erickson v. Sinykin, 223 Minn. 232, 26 N. W. (2d) 172; Peterson v. James, 223 Minn. 33, 25 N. W. (2d) 300; see, In re Delinquent Real Estate Taxes, Roseau County, 212 Minn. 562, 565, 4 N. W. (2d) 783, 785; Raymond v. McKenzie, 220 Minn. 234, 239, 19 N. W. (2d) 423, 425; 1 Dunnell, Dig. & Supp. § 361.

■ The third assignment is sufficient to raise the question whether the findings of fact support the conclusions of law.

The fourth and fifth assignments, unsupported by assignments challenging specific findings, go no further than do the second and third. It has frequently been said by this court that on an appeal from the judgment in a case tried to the court the appellant is in position to challenge the sufficiency of the evidence to support the judgment; but where there are numerous findings of fact the specific finding attacked for insufficiency must be assigned as error. Rule VIII(3) (e), *supra;* Hunt v. O'Leary, 84 Minn. 200, 87 N. W. 611; Rushfeldt v. Shave, 37 Minn. 282, 33 N. W. 791. Cf. Bryant v. Nelson-Frey Co. 94 Minn. 305, 102 N. W. 859. Therefore, plaintiffs are right in their contention that only the sufficiency of the findings

of fact to support the conclusions of law confronts the court on this appeal.

■ Defendants' proposed finding to the effect that the contract for deed of September 22, 1922, was merged in the deed and that the lien created by that contract was waived by the mortgage of May 21, 1936, was denied by the court. This denial of the proposed finding was equivalent to a contrary finding. Blodgett v. Hollo, 210 Minn. 298, 298 N. W. 249.[3] Therefore, we have a finding that there was no merger of the contract by the deed, nor was there a waiver of the vendor's lien by the mortgage conceded to be a nullity by the compromise.

■ There are other findings to the effect that the compromise by the heirs was not fraudulently obtained, nor was it the result of undue influence or without consideration. Such being the case, the conclusions of law are amply justified, and the vendor's lien arising out of the situation as it was at the time the contracts were made is still valid.

Judgment affirmed.

---

[3]Cf. Buro v. Morse, 183 Minn. 518, 521, 237 N. W. 186, 187; National Surety Co. v. Wittich, 186 Minn. 93, 95, 242 N. W. 545; Sheffield v. Clifford, 186 Minn. 300, 306, 243 N. W. 129, 132; Smith v. Benefit Assn. of Ry. Employees, 187 Minn. 202, 208, 244 N. W. 817; Lafayette Club v. Roberts, 196 Minn. 605, 611, 265 N. W. 802, 805; Sjoberg v. Hartz, 199 Minn. 81, 85, 271 N. W. 329, 331. See, In re Estate of Malchow, 143 Minn. 53, 60, 172 N. W. 915, 917; Seitz v. Union Brass & Metal Mfg. Co. 152 Minn. 460, 468, 189 N. W. 586, 589, 27 A. L. R. 293; Martens v. Martens, 211 Minn. 369, 371, 1 N. W. (2d) 356, 358; 6 Dunnell, Dig. & Supp. § 9866.