## HANS THOMPSON AND OTHERS v. WILLIAM HELMBRECHT AND ANOTHER.[1]

June 17, 1927.

No. 26,161.

**Evidence insufficient to sustain finding that new note was given in payment of old note.**

1. Evidence considered and *held* insufficient to support the finding that the note dated February 18, 1922, was given in payment of the one dated August 17, 1921, referred to in the opinion.

**New trial ordered.**

2. Under the evidence, as appears from the record, there should be a new trial.

Contribution, 13 C. J. p. 835 n. 19.

Action in the district court for Dodge county to recover of the defendant Helmbrecht his contributive share of a promissory note paid by the plaintiffs. There were findings for the defendant, and the plaintiffs appealed from a judgment, Senn, J., entered in his favor. Reversed and new trial granted.

*F. G. Sasse* and *R. A. Dunnette,* for appellants.
*Christensen & Ronken,* for respondent Helmbrecht.
*Sawyer, Gausewitz & Lord,* for respondent Olson.

QUINN, J.

On August 17, 1921, the Central Dairy Company of Kasson, Minnesota, executed to the National Bank of Dodge County its promissory note for $5,500, payable in six months with interest at the rate of eight per cent per annum. At the same time and as a part of the same transaction, the officers and directors of that company, including the plaintiffs and the defendant William Helmbrecht, signed a guaranty on the back of such note, as follows:

[1]Reported in 214 N. W. 760.

"For value received, I hereby guarantee the payment of the within note and all renewals and extensions thereof, to the payee therein named, or any holder thereof; and I hereby waive protest, due presentment, demand and notice of non-payment thereof, and I hereby waive diligence on the part of any holder thereof in collecting said note and all defences arising out of lack of diligence in enforcing payment thereof."

On February 18, 1922, at the maturity of such note, the Central Dairy Company executed to the bank its note for the sum of $5,720 to take the place of the prior note and accrued interest thereon. In the meantime O. M. Olson and M. C. Beaver had been elected directors of the company and Helmbrecht had dropped out. This note had the same guaranty on the back thereof and the new directors signed with the old directors, excepting Helmbrecht who was present and stated: "I won't sign this new note, because I am already on the old one, and you people got me; you know I can't get out of it." Indorsed upon the first note is a statement: "Int. [$]220 added to new note."

On November 3, 1922, a new note for $6,049 was given to the bank, signed upon its face by the then directors and officers of the Central Dairy Company, to represent the same indebtedness covered by the two former notes. On December 19, 1923, another note for $6,049 was executed to take the place of the former note and signed by the same makers, and the note of November 3 was marked "paid" by the bank.

On February 5, 1924, $113.47 was paid on the note last mentioned through bankruptcy proceedings of the Central Dairy Company, and on June 25, 1924, $827.94 was paid on the same note through a sale of the company's property in bankruptcy proceedings. Thereafter the signers of the last note, excepting George Crosier, paid a total of $1,333.30 upon such note. On December 19, 1924, Frank Wyatt, the defendant O. M. Olson, and the three plaintiffs gave their individual note for the balance owing upon such indebtedness and thereafter paid the same, which amounted to $5,849.48. Of this amount, $992.45 should be paid by the de-

fendant Helmbrecht in case he is required to contribute his proportionate share in payment of the original note.

The trial court made findings and held, in effect, that the note dated February 18, 1922, was given in payment of the prior note, and that the defendant Helmbrecht was thereby released and discharged from all liability on the original obligation, and ordered judgment accordingly. The appeal is from a judgment entered upon such findings and order.

A careful examination and consideration of the testimony appearing in the record convinces us that the same does not support the finding that such note was given in payment of the original note, and that a new trial should be granted. It is so ordered.