## MYRTLE E. GERLICH v. THOMPSON YARDS, INC.

May 10, 1929.

No. 27,262.

[1]Reported in 225 N. W. 273.

426

*Frederic A. Pike,* for appellant.

*Clapp, Richardson, Elmquist, Briggs & Macartney* and *Wayne C. Gilbert,* for respondent.

OLSEN, C.

Appeal by plaintiff from an order denying her motion for a new trial.

On November 14, 1923, plaintiff and her husband gave to defendant a promissory note for $1,468.83 and a mortgage upon real estate to secure same. A prior note and mortgage on the same property for $1,812 had been reduced by payments to $1,468.83, and satisfied by the new note and mortgage. Thereafter payments were made on the new note and mortgage, reducing the debt to $1,061.07. On or about October 1, 1927, the mortgage was past due' and defendant commenced foreclosure by advertisement, claiming due on the mortgage said sum of $1,061.07 principal and $79.58 interest. Plaintiff then commenced this action to restrain foreclosure.

It appears that in 1921 and 1922 plaintiff was engaged in building a bungalow and a flat building upon the property mortgaged. She purchased building material from defendant and became indebted therefor. Defendant filed a lien. The note and mortgage first given were for the purpose of extending the time of payment and avoiding foreclosure of the lien. The lien was then permitted to lapse. Plaintiff claims, in substance, that at the time of the giving of the first mortgage the account between the parties had not been adjusted or settled; that there was no checking up of the items or agreement as to the amount due; that she relied upon defendant's statement that the amount due was $1,812; that in fact she had not been given credit for a payment or payments amounting to over $600, and that she was further entitled to two offsets aggregating some $183. Defendant denies all claims so made, and claims in

substance that at the time the mortgage for $1,812 was given the account was checked over by the parties and all disputed items excluded; that each mortgage was given for the amount actually owing and admitted by plaintiff to be owing. The court found for the defendant, and found that each mortgage was given for the amount then owing by plaintiff; that proper credit had been given for payments thereafter made, and that at the time defendant commenced foreclosure there was due on the mortgage, including interest, $1,140.65, none of which has been paid; that there was default in payment; that plaintiff was not entitled to any relief, and that the temporary injunction should be dissolved.

On the argument here the main contention was that a payment of $1,049, apparently made on or about November 27, 1921, had not been credited, except to the extent of some $365 or $400. Bills for material to the amount of some $2,861.99 had been rendered and such material apparently purchased or furnished before that time. The record is not at all clear as to the state of the account at the time this payment was made. What part of this material was furnished for the bungalow and what part for the flat building is not clear. It is clear, from admissions in the record, that a large amount of material was furnished in addition to that shown by these bills. It is true that one of the defendant's witnesses, on cross-examination, stated that he believed none of this payment of $1,049 was credited on material furnished for the flat building; that he thought it cleaned up the bungalow account, but that defendant's records were lost and he was not positive. On the record as presented, and in view of plaintiff's actions in giving the two mortgages, making payments thereon and promises of payment, as shown by the correspondence, we cannot say that the trial court's findings are not sufficiently sustained by the evidence. Its conclusions and inferences reasonably drawn from the whole evidence are well enough sustained.

■ Plaintiff pleads as an offset that flooring of the price of $71.05, charged to her, was not delivered. From the evidence as to the checking of the items and exclusion of disputed items from the

mortgage, and from defendant's exhibit 13, if properly in evidence, showing a credit of $42 for flooring not delivered, the court might well find this offset not proved.

A claim is made that seven doors were defective and that plaintiff was entitled to $112 damages on that account. The defects in the doors were known and considered at the time the first mortgage was given, and the court was justified in finding for defendant thereon. The payment of $630, set out in the complaint, is shown to have been properly credited.

The court might well have made more extended findings of fact covering specific items and claims. But the findings made are decisive. of the case, and we cannot say that there was reversible error in not making additional findings.

Error is assigned upon the denial of a motion to strike out an answer of a witness for defendant. It is sufficient to say that the same evidence, in slightly different form, was received without objection in other parts of the record.

Order affirmed.