## THORPE BROS. (d. b. a. THE COUNTRY CLUB) v. WALDO W. WOODWARD.[1]

October 19, 1934.

No. 30,104.

*Jay W. Smith* and *T. M. Thomson,* for appellant.

There was no brief filed or appearance made on behalf of respondent in this court.

*STONE, Justice.*

Action on contract. The trial without a jury resulted in a decision for plaintiff. Defendant appeals from the order denying his alternative motion for amended findings or a new trial.

Plaintiff operates a golf course in Minneapolis under the name of "The Country Club." October 1, 1931, the defendant made application to renew for three years (1932-1934) his then existing membership. The application was in writing and accepted by plaintiff. Thereby defendant promised to pay the annual dues of $85 plus the federal tax. He failed to do so, and the purpose of this action is to recover the amount in arrears when it was commenced.

Plaintiff's claim is that its acceptance of defendant's application made a contract. That claim is untenable for the simple reason

[1]Reported in 256 N. W. 729.

that, while plenty of obligation was sought to be imposed on defendant, none at all was put upon plaintiff. Neither the by-laws of plaintiff's country club nor the membership card issued to plaintiff are in evidence, so we can indulge no presumptions concerning their contents. The record discloses only the application and the fact of its acceptance. There is nothing on which to put an implied promise by plaintiff (i. e. one expressed by conduct) within the rule of Minneapolis Mill Co. v. Goodnow, 40 Minn. 497, 42 N. W. 356, 4 L. R. A. 202. There being no evidence of either act, forbearance, or promise on the part of plaintiff as consideration for the obligation sought to be imposed on defendant, the application is a mere unenforceable agreement. For want of consideration, it is not a contract. There is utter lack of mutuality of obligation. Ellsworth v. Southern Minn. Ry. Extension Co. 31 Minn. 543, 18 N. W. 822. Other cases are cited in 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1758.

The situation is the same as though A promised to make B a gift of money payable in future instalments, B accepting the offer. Without aught else on his part as consideration, obviously there is no contract.

Cases like this are to be distinguished from those where there is obligation on both sides and so consideration but notwithstanding no mutuality of remedy. In such cases, while there is a contract, equity may refuse a decree for its specific performance. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8774.

The order must be reversed with directions for the entry of judgment for defendant.

So ordered.

*I. M. OLSEN, Justice* (dissenting).

Plaintiff owned and operated a golf club. Defendant was a member of the club for 1931. In October of that year he applied for and was accepted as a member of the club for the years 1932, 1933, and 1934. He agreed to pay membership dues for said years. A membership card was issued to him. While the evidence is somewhat incomplete, it sufficiently appears that his membership entitled him to the rights and privileges of the use of the golf club the

same as any member, and he did make use thereof in 1931. There was a sufficient consideration.