# LAFAYETTE CLUB v. EDWARD H. ROBERTS.[1]

March 13, 1936.

No. 30,748.

[1]Reported in 265 N. W. 802.

 

*Boutelle, Bowen & Flanagan* and *R. D. Richter,* for appellant.
*Cox, Weeks & Kuhlman,* for respondent.

I. M. OLSEN, JUSTICE.

Defendant appeals from an order denying his motion for amended findings of fact and conclusions of law, or, in the alternative, for a new trial.

Plaintiff is a corporation organized under the statutes of this state as a social or membership corporation for the purpose of conducting a club or society for social enjoyment, mental and physical culture, renting or acquiring and owning a clubhouse and appropriate grounds in connection therewith within Hennepin county, and operating the same. It acquired and owns golf grounds, an expensive clubhouse, cottages, and other buildings, for the use of its members, at Minnetonka Beach in said county, and there operates as a golf and social club. The defendant became a member of the club some 25 years ago and has ever since remained a member thereof unless, by resignation or failure to pay dues since 1931, his membership has been terminated. The corporation has no capital stock and is not operated for profit. The management of the corporation and the conduct of its affairs is vested exclusively in a board of governors consisting of 15 members. The corporation has a large membership, but limited to a stated number. The yearly dues of male members, during the times here in question, were $75, plus the 10 per cent tax on each membership, making the total yearly payments for each member $82.50. Dues were payable April 1 each year, with the privilege of paying one-half thereof on April 1 and the other half July 1 each year.

Plaintiff brought this suit to recover from defendant the unpaid dues of $82.50 for each of the years 1932 and 1933. The case was tried to the court without a jury. The complaint alleges that on September 1, 1932, defendant was indebted to the plaintiff in the sum of $82.50 by reason of membership dues for the year 1932, and

alleges in like manner an indebtedness of the same amount for dues for the year 1933. The answer admitted that plaintiff was a corporation as alleged in the complaint, but denied any indebtedness to plaintiff. That defendant had not paid any dues for 1932 and 1933 was admitted on the trial. The court found that defendant was indebted to the plaintiff for these dues in accordance with the allegations of the complaint, and, as conclusions of law, that plaintiff was entitled to recover the amounts so due with interest.

The defendant contends that he resigned from the club in May, 1932, and was therefore not liable for these dues.

The articles of incorporation and by-laws of the plaintiff prior to February 1, 1933, made no provision for resignation by a member. There were provisions for a transfer of membership by a member desiring to sell his membership or retire from the club when such member presented a person agreeable to the board of governors to become a new member of the club and the transfer was consented to by the board of governors. The only reference to a resignation was in article VII of the articles of incorporation, wherein it was provided that the rights of membership of any member,- and his right, title, and interest in and to the property and privileges of the club, shall cease and become extinct upon his resignation or transfer of his membership or upon dismissal or expulsion, and that the corporation shall prescribe in its by-laws the terms and conditions under which a member may resign or transfer his membership and the causes for forfeiture of membership and the dismissal or expulsion of members, and the proceedings necessary to be taken therefor.

As evidence of resignation the defendant testified that some time in April, 1932, he had a conversation with Mr. Fuller, the treasurer of the club. Defendant said:

"I asked Mr. Fuller what was necessary to resign from the Lafayette Club. * * * He told me that the only method of procedure was not to pay my dues. * * * The matter of the board of governors was not mentioned in my recollection at all."

Mr. Fuller had already testified to this conversation on recross-examination by defendant's counsel. His testimony was as follows:

"Mr. Roberts came in to see about getting out of the club, wanted to know how he could get out, and I told him that the surest way was to find a purchaser for his membership. He said that might be difficult under the circumstances. The conversation went on; he finally asked me what would happen if he declined to pay his dues. * * * I replied that was a matter entirely in the hands of the board of governors, vested in their hands by the articles and by-laws; all I could tell him was the method they had followed generally in the past, which was that eventually after all other measures had been exhausted that they after proper notice, as provided for in the articles and by-laws, that his membership would be declared forfeited by the board of governors and sold."

The conflict in the testimony of defendant and Mr. Fuller at most raised only a question of fact for the trial court. Nothing in the form of a resignation was tendered or presented to the board of governors or to Mr. Fuller. Mr. Fuller, as treasurer of the club, had no authority to act in the matter of termination of memberships. The treasurer's authority, as provided in the by-laws, was to receive the money of the club, keep account thereof, pay the money out in such manner and on such vouchers as the board of governors should prescribe, and make report at the annual meeting and to the board of governors at such other times as the board might require.

The defendant, on May 6, 1932, wrote a letter to Mr. Fuller inclosing a remittance for one-half of the 1932 dues for defendant's wife, who was also a member of the club. In that letter defendant said:

"Because of the necessity for reducing my personal expenses this year, I am obliged to cut out a number of items in my budget which would gladly be continued under ordinary circumstances."

Mr. Fuller, on May 12, 1932, answered and in his letter to defendant stated:

"As memberships represent stock in the corporation, in the usual course you will be advised of the prospective forfeiture and sale of

your membership for non-payment of your own dues, there being no other provision in our Articles or By-Laws in such cases."

No action has ever been taken by the board of governors of the club either in reference to any resignation by the defendant or in reference to the forfeiture or sale of his membership. It further appears that on July 27, 1932, the board of governors directed and sent a letter to all members in which was included this statement:

"There is nothing in the By-Laws providing for the resignation of members and unless resignations are accompanied by an application from some new member who is acceptable, the Board of Governors do not feel that they should accept resignations in view of the obligation of each member to other members and to the bondholders."

There was a further letter to the defendant from Mr. Fuller, as treasurer of the club, on May 11, 1933, in which there was conveyed to him an offer that, upon payment of dues for the year 1932, he might be relieved from further obligation. The defendant did not take advantage of this offer. From defendant's letter to Mr. Fuller under date of May 6, 1932, and his subsequent conduct, it seems apparent that he did not depend upon any resignation, but expected, by continuing to default in payment of dues, that his membership would thereafter be forfeited and sold by action of the board of governors, as provided by article VI of the by-laws. The question of resignation, under the evidence in this case, was a question of fact for the trial court, and the court's findings, which necessarily found against the defendant on that issue, are sufficiently sustained by the evidence.

The claim is made by the defendant that, even if there were no resignation, the sole remedy of the plaintiff was to forfeit his membership and sell the same for nonpayment of dues. Article III, section 3, of the articles of incorporation, provides that all unpaid dues and any indebtedness of a member of the corporation shall become a lien upon the membership standing in the name of such member, which lien may be enforced by sale of the membership in the manner prescribed by the by-laws. In article VI of the by-laws provision is made that, where a member fails to pay his yearly dues

and the delinquency continues for more than 30 days, the board of governors may, by resolution, declare the membership forfeited and may thereafter sell the membership after 10 days' written notice to the member. The defendant claims· that these provisions of the articles and by-laws are the exclusive remedy for nonpayment of dues. It is clear that when a member's dues become payable, an indebtedness therefor accrues in favor of the corporation. This corporation has the same powers under the statute to sue for and recover indebtedness owing to it as other corporations. The same rule, as stated in Anderson v. Amidon, 114 Minn. 202, 130 N. W. 1002, 1004, 34 L.R.A. (N.S.) 647, Ann. Cas. 1912B, 987, should apply here, although in that case the club was not incorporated. There the articles of association provided that when the dues of a member remained unpaid for two months his membership might be declared forfeited by vote of the executive committee. It was claimed that this was the exclusive remedy for nonpayment of dues in that case. The court said [114 Minn. 205] :

"Of course, in a given case, the articles of association or by-laws might provide an exclusive remedy for nonpayment, so as to preclude the right to enforce payment as a pecuniary demand. But such are not the provisions of the articles of association in the case at bar. Here the obligation to pay is made absolute, and the right of expulsion for nonpayment is not made the exclusive remedy open to the club."

There is nothing in the articles or by-laws in the present case making forfeiture of membership and sale thereof the exclusive remedy for the collection of dues, and the court was justified in finding that the provisions here for forfeiture and sale of membership did not constitute the sole remedy for such nonpayment.

■ It is claimed that the membership contract in this corporation lacks mutuality and consideration. There is no basis for such a claim. Defendant's membership entitled him to the right of a proportionate share in the property of this corporation, represented by his membership, and entitled him to the use thereof the same as all members of the corporation. The provision of section 2 of ar-

ticle III of the articles of incorporation, quoted in defendant's brief, as to charges for "rents, amusements, privileges, arrangements or facilities," quite clearly refers to extra services which the member may ask to have furnished to him and not such as are furnished to all members in the ordinary operation of the club. The case of Thorpe Bros. v. Woodward, 192 Minn. 432, 256 N. W. 729, is not in point.

■ It is assigned as error that the court failed to make more extended findings of fact. The issue raised by the pleadings was whether or not the defendant was indebted to the plaintiff for non-payment of these dues. The court found that defendant was so indebted to the plaintiff. We think these findings necessarily decide all facts in dispute under the pleadings of this case. Where the decision necessarily decides all the facts in dispute the findings are sufficient. In re Estate of Wagner, 172 Minn. 217, 214 N. W. 892; Gerlich v. Thompson Yards, Inc. 177 Minn. 425, 225 N. W. 273. And again, the defendant here moved for amended and additional findings of fact so as to find in accordance with his claims and contentions, and the court refused to make such amendments. Where the court refuses to find on motion for amended findings on an issue of fact, the refusal is equivalent to finding to the contrary. In re Estate of Malchow, 143 Minn. 53, 172 N. W. 915; Seitz v. Union B. & M. Mfg. Co. 152 Minn. 460, 189 N. W. 586, 27 A. L. R. 293; Buro v. Morse, 183 Minn. 518, 237 N. W. 186; National Surety Co. v. Wittich, 186 Minn. 93, 242 N. W. 545. When the findings are sustained by the evidence and sufficient to sustain the conclusions of law, a refusal to make additional findings is not error. Bahr v. Union Fire Ins. Co. 167 Minn. 479, 209 N. W. 490; Kent v. Costin, 130 Minn. 450, 153 N. W. 874; In re Estate of Malchow, 143 Minn. 53, 172 N. W. 915.

■ There is some claim made in the brief that defendant had a right to rely upon statements made by Mr. Fuller as to what could and would be done in case of defendant's failure to pay his dues. If there was any evidence to show that the board of governors had delegated to Mr. Fuller any authority in that regard this might be true. But no such delegation of authority is shown. There is

some claim that plaintiff is estopped by failure of the board of governors to disaffirm Mr. Fuller's statement to defendant that "eventually after all other measures had been exhausted that they after proper notice, as provided for in the articles and by-laws, that his membership would be declared forfeited by the board of governors and sold," and by the statement in Mr. Fuller's letter to defendant that he would be advised of the prospective forfeiture and sale of his membership for nonpayment of dues, "there being no other provision in our articles or by-laws in such cases." If any disaffirmance was necessary, which we do not find, the letter of the board of governors of July 27, 1932, part of which has been quoted, was a sufficient disaffirmance.

The order appealed from is affirmed.

